## W. D. BURKE v. J. K. FINLEY.

1. EXEMPTION —*Waiver.* A waiver of the exemption laws of Kansas, by the lessee in a lease, does not operate as a waiver of the exemption created in ¶ 4589, General Statutes of 1889, exempting the wages of a debtor having a family dependent on his earnings for support.

2. —————— *Wages of Debtor.* Such exemption is in the interest and for the benefit of the debtor's family, and he has no power to waive it.

*Error from Lyon District Court.*

THE opinion states the case.

*J. Jay Buck,* and *W. A. Randolph,* for plaintiff in error:

It is unnecessary to cite authorities to show that, except for the statute, the waiver clause is void.    The legislature never meant that a tenant could waive his future personal earnings, needed by his family, unless the court can say that, from the policy of our laws, the legislature is more solicitous for the landlord than for the family of the poor man; that it were better to pay the landlord the last farthing, even if the family starved or went to the almshouse.    As some of the many reasons why the legislature never meant what the court below held, it may be stated: (*a*) In none of the session laws and in none of the statutory revisions has this matter ever been indexed under the head of "Exemptions."    (*b*) As the land-lord-and-tenant act was a general law, the legislature intended a man could waive his general exemptions as to property or the consideration for which was *in esse* at the time of such waiver.    (*c*) These savings belong as much to the wife as to defendant, and she did not waive them, which is another reason that they were not intended to be covered by said § 30.    (*d*) The statute provides (¶ 4589, Gen. Stat. of 1889) that the earn-ings of a debtor shall not be taken on garnishment when certain facts are made to appear, by his affidavit or otherwise, and the plaintiff shall have notice of the filing of such affidavit.    Such affidavit and motion to discharge garnishment were made, and plaintiff below appeared, and the motion was heard and de-

nied by the court, and the defendant duly excepted. The plaintiff filed no counter affidavit or pleading, nor offered any evidence, and the facts as we averred them were conceded. Now, the defendant did all the law required him to do to procure a discharge of the garnishment, and, as we read the statute, in the absence of a counter showing, there is no discretion on the part of the court. There is nothing to try. The garnishment must be discharged.

It must be borne in mind that this statute was first enacted in 1886, and amended in 1889. Prior to 1886, there was no such statute relative to proceedings in the district court. This statute makes no exceptions of any kind. It was enacted 21 years after the landlord-and-tenant act, in which the right to waive exemption occurs. Had the legislature intended that this act of 1889 should not apply to rent money under a lease waiving appraisement, it would have said so. And then, this court has frequently reiterated that exemption laws should be liberally construed.

*Cunningham & McCarty,* for defendant in error:

1. It seems to us that there is no room for construction as to § 30 of the landlord-and-tenant act, or argument as to what it means. "A tenant may waive  .  .  .  the benefit of the exemption laws  .  .  .  for all debts contracted for rents." We do not care to amplify. The language is clear; the meaning unmistakable.

2. Repeals by implication are not favored, and can only be sustained when the two acts are repugnant and cannot both have force and effect. *The State v. Young,* 13 Kas. 414; *The State v. Bancroft,* 22 id. 211. These two statutes can both have force and effect. They essentially have both stood together since the enactment of § 30; for, while the provisions of ¶ 4589 are new in form to the district court procedure, they are essentially those of ¶ 5012 of the justice act and of § 490, code (Gen. Stat. of 1868), which have been administered side by side since their contemporaneous enactment, and the exemption statute of 1868 and those subsequent are but a

substantial reënactment of § 479, chapter 26, Compiled Laws of 1862. Section 30 simply stands as an exception to the rule laid down in ¶¶ 4589 and 5012, and, viewed thus, all of these provisions constitute a harmonious whole, proper, easily administered, and not repugnant. It was enacted for a different purpose, and, administered in connection with these other sections, is in the interest of the poor man, as thereby he is enabled to give the security which shall enable him to procure a roof to shelter his family.

. Opinion by STRANG, C.: On September 15, 1888, the plaintiff, W. D. Burke, leased certain premises of the defendant, J. K. Finley, situate in Emporia, Lyon county, Kansas. Said lease contained a waiver of the benefit of the exemption laws of Kansas. Afterward, rent became due on said lease, and suit was brought against the plaintiff therefor, and on the 7th of October, 1889, a judgment was had against him for quite a large sum of money. November 23, thereafter, execution was issued thereon, and garnishment proceedings were run against the A. T. & S. F. Rld. Co. Said company answered that it was indebted to said Burke in the sum of $54. Thereafter, on December 30, 1889, the defendant, Burke, filed in said cause his motion to discharge said garnishment proceedings, and supported the same by an affidavit showing that he was a citizen of Kansas and had been for a year or more; that he had a family consisting of a wife and three small children, who were wholly dependent upon his labor and earnings for support; and that the money garnished in the hands of said company was wholly due for personal services rendered by him to said company between September 26, 1889, and October 27, 1889; and that all of the said sum was needed for the support of his said family. There was no evidence to rebut this showing in any way, and the only question decided by the court below was whether the defendant, Burke, had waived the exemption guaranteed to him and his family under ¶ 4589, General Statutes of 1889, by reason of the exemption clause in said lease. The court below re-

fused to discharge said garnishment proceedings, thereby. holding that Burke had waived the exemption guaranteed by said ¶ 4589, General Statutes of 1889. The only question for this court to decide is, whether the trial court erred in refusing to discharge said garnishment proceedings.

We do not think the waiver of the exemption laws of Kansas, contained in the lease upon which the judgment against Burke was obtained, operates as a waiver of the exemption of wages provided in ¶ 4589, General Statutes of 1889. The waiver contained in the lease aforesaid must be limited to the property rights of the debtor under the general exemption laws of the state. In creating the exemption under ¶ 4589, the legislature did not intend to create a new and additional personal privilege in the debtor, that he might claim or waive at his option, but to create an exemption in the interest and for the benefit of the family of the debtor. This exemption is not given to every debtor. It is limited to those debtors who have families dependent upon their earnings for support. Being created for the benefit of the debtor's family, he cannot waive it. It follows therefore that this case should be reversed and sent back for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.