No. 44,647

SOUTHWEST STATE BANK, *Appellee,* v. JAMES L. QUINN, Trustee in Bankruptcy for JONES-MACK, INC., Bankrupt, *Appellant.*

(424 P. 2d 620)

Opinion filed March 4, 1967.

*James L. Quinn,* of Topeka, argued the cause and was on the brief for the appellant.

*Craig Irwin,* of Topeka, argued the cause, and *Robert R. Irwin* and *Mary Schowengerdt,* both of Topeka, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is a mortgage foreclosure action on real estate owned by a bankrupt corporation. Our principal concern is whether the statutory right of redemption under K. S. A. 60-2414 (*a*) is exempt property.

The facts are not in dispute. Jones-Mack, Inc., a Kansas corporation, owned the property subject to the two mortgages mentioned later. On October 14, 1964, prior to the foreclosure proceeding, Jones-Mack leased the premises to Gunstocks, Inc., a corporation, and Earl Welch for a term of four years at a stipulated monthly rental. The lessees have continued to occupy the premises, paying the rent therefor. Thereafter the appellee, Southwest State Bank, as plaintiff, commenced this action against Jones-Mack in the district court of Jefferson county by filing a petition to foreclose its mortgage on the property. The Bank of Perry filed a cross-petition to foreclose its mortgage on the same property. Neither mortgage contained a provision whereby the mortgagor, Jones-Mack, Inc., waived the statutory period of redemption.

On March 25, 1965, while the foreclosure action was still pending, the defendant Jones-Mack filed its petition in bankruptcy in the United States District Court for the District of Kansas; it was determined to be a bankrupt and James L. Quinn, appellant herein, was appointed trustee in bankruptcy. The bankruptcy proceeding is still pending.

By judgment rendered June 7, 1965, it was determined that the Bank of Perry had a first mortgage and appellee Southwest State Bank a second mortgage, and both were ordered foreclosed. Under an order of sale issued pursuant to the judgment the real estate was sold at sheriff's sale July 26, 1965. Appellee bid the property in for a sum sufficient to pay both mortgages, interest, taxes and costs.

On November 22, 1965, the trial court confirmed the sale. It further concluded there was no statutory right of redemption in anyone and it decreed the issuance of a sheriff's deed conveying the property to the purchaser at the sale, the appellee. It further directed that all rentals accruing from the property since July 26, 1965, be paid to appellee. The trustee in bankruptcy has appealed from these orders denying a redemption period and directing the rentals paid to appellee.

We note first that the statutory redemption period of eighteen months expired January 26, 1967—one week after the appeal was argued and submitted to this court—and. cannot now be exercised by anyone. However, the case has not thereby become moot. By agreement of the parties, pending this appeal, the rentals during the eighteen month period from July 26, 1965, to January 26, 1967, have been placed in escrow. The right to possession of the property and to income, rents and profits during the period of redemption, if any exists, is embraced and included in the right of redemption of the defendant owner (*Capitol B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P. 2d 86).

Thus entitlement to the rentals remains an issue; this in turn depends upon whether there was a redemption period in the trustee, appellant herein, as successor to whatever interest the defendant owner had.

Section 70 of the National Bankruptcy Act (11 U. S. C. § 110) vests title to the property of the bankrupt in the trustee as of the date of the filing of the petition initiating the bankruptcy proceeding except exempt property. Section 6 of the act allows the bankrupt those exemptions prescribed by state laws.

Appellee contends, and the trial court held, that the right of redemption is exempt property to the bankrupt and title thereto does not pass to the trustee. The trial court held also that at the time Jones-Mack filed its bankruptcy petition, March 25, 1965, the right of redemption did not exist and therefore the bankrupt, Jones-Mack, had no right of redemption; by this circuity the court concluded there was no redemption right in anyone and thus appellee was entitled to an immediate deed as well as the rentals.

The statutory right of redemption is the right a judgment debtor has to regain property he has lost by sale under process. It is a valuable right and one which may be assigned or transferred under K. S. A. 60-2414 (*k*).

We notice first whether such right existed at all. K. S. A. 60-2414 (*a*) provides generally that a defendant owner may redeem any real property sold under execution at any time within eighteen months from the day of sale. This court has always zealously guarded that right (see *Broadhurst Foundation v. New Hope Baptist Society,* 194 Kan. 40, 397 P. 2d 360). Succeeding parts of the redemption statute prescribe certain circumstances under which the period of redemption may be reduced and other instances in which the right of redemption shall not apply. The statute pro-

vides that the right of redemption shall not apply to oil and gas leaseholds. It provides another exception, which is that a corporation mortgagor may agree in the mortgage instrument to a shorter period of redemption than eighteen months, or may wholly waive the period of redemption. The exceptions enumerated do not include a corporation which has become bankrupt. We assume the legislature, having undertaken the task of determining the exceptions to the right to redeem, did not intend to make an exception in the case of a bankrupt corporation or it would have so indicated. We cannot arbitrarily add such an exception to deprive anyone of the right to redeem if it otherwise exists. (See *National Bank of Topeka v. Saia,* 154 Kan. 740, 121 P. 2d 251, 138 A. L. R. 1290.) We think then that a right of redemption existed.

Is this right of redemption exempt property under our law? Appellee contends that it is by virtue of the latter part of K. S. A. 60-2414 (*k*) which provides:

". . . the right of redemtion shall not be subject to levy or sale execution."

This contention finds support in some of our decisions. In *Trinkle v. Chase,* 122 Kan. 781, 253 Pac. 210, we find this:

"After the sale of real property on execution, a trustee in bankruptcy cannot look to the debtor's right of redemption for assets with which to pay claims of creditors." (Syl.)

That statement in *Trinkle* was followed in *Bankers Mortgage Co. v. Robson,* 123 Kan. 746, 256 Pac. 997, this court saying:

"The right of redemption of real estate provided for in R. S. 60-3455 is exempt from levy and sale under judicial process, and the title thereto does not pass to a trustee in bankruptcy, nor become a part of the assets in bankruptcy." (Syl. ¶ 7.)

The rule announced in these two cases has been severely criticized in a later decision of the United States District Court for the District of Kansas wherein the writer considered in some detail the philosophy behind both our exemption and redemption statutes and the possibilities of abuse (*Garber v. Bankers' Mortgage Co.,* 27 F. 2d 609). Be that as it may, the two cases do hold that a right of redemption is exempt property to an individual bankrupt because it may not be levied upon and sold on execution.

Without further reexamination of the question whether the prohibition against forced sale is an exemption or merely a protection of the right to redeem, these cases might be considered controlling

except, as noted, the bankrupt in each case was an individual—not a private corporation.

Is a corporation entitled to the general statutory exemptions to the same extent as an individual? We are aware of no decisions, and are cited to none, holding that a corporation in Kansas or elsewhere may hold property exempt from claims of general creditors. In fact long ago this court held to the contrary. In *Guptil v. McFee,* 9 Kan. 30, this court considered statutory exemptions and, speaking through Justice Valentine, stated:

"That our statute exempts property in favor of individual persons only, and not in favor of copartnerships or corporations, we would suppose would hardly be controverted. . . ." (p. 35.)

This case has been cited approvingly many times by this and other courts, albeit with respect to partnerships with which the case dealt. We think the principle in it sound as applied to corporations. Exemptions to Kansas residents are prescribed in our constitution in which a homestead—a place of habitation—is assured to a family (Kan. Const., Art. 15, § 9) and generally in our statutes (K. S. A. 60-2301, *et seq.*). The exemptions of personal property mentioned in these statutes have subsisted since statehood, falling into two groups, property belonging to a person who is the head of a family, and property owned by a person other than the head of a family.

Items exempt include wearing apparel, a seat or pew in a place of worship, a lot in a burial ground, cooking utensils, groceries, furniture, tools used in carrying on a trade or business, domestic animals, wages and other things inherently personal which are necessary to the sustenance of natural persons. Would it ever be contended a corporation might claim any of these, and if so, to what avail? The whole purpose and policy of our exemption laws has been to secure to an unfortunate debtor the means to support himself and his family, to keep them from being reduced to absolute destitution and thereby public charges. The benefits provided are simply incapable of just application to an artificial being such as a corporation; we scarce believe the legislature intended to so extend them.

Statutes are to be construed in accord with their general intent and purpose. We think by their very nature our exemption statutes were intended to comprehend only individual debtors.

We see no reason to treat a right to redeem, viewed as an exemption, in a different light. Significantly, we note a legislative dis-

tinction as to capacity to bargain away the right of redemption has been made between individuals and corporations. The former may not do so, and as to them any such agreements are declared null and void (K. S. A. 60-2410 [d]), while, since 1929, corporate mortgagors have been permitted in the mortgage instrument to waive the period of redemption (K. S. A. 60-2414 [a]).

Absent such waiver of redemption, a corporate mortgagor would be entitled to the rentals during the period of redemption. We know of no reason why the intervention of bankruptcy should, at the expense of general creditors of the corporation, furnish a windfall of those rentals to the special creditor who has exhausted the security for which he bargained. If the latter be hurt, he may line up with the general creditors.

We therefore hold that a corporation as such has no exemption rights and may not hold property exempt from lawful claims of general creditors. We further hold that a statutory right to redeem in a corporate mortgagor is not exempt property under our general exemption laws. Not being exempt, upon bankruptcy of the corporation the trustee in bankruptcy succeeds to it along with the right to possession of the property and rents and profits during the period of redemption.

The trial court erred in denying the appellant trustee the right of redemption, in decreeing an immediate deed to the property, and in ordering the rentals during the redemption period paid to appellee.

The judgment is reversed.

APPROVED BY THE COURT.

KAUL, J., not participating.