No. 46,986

LESLIE RENEE MAHONE, EFFIE DENISE MAHONE and ASIE MAHONE, III, minor children, by and through their natural guardian, mother and next friend, FLORA MAHONE, *Appellees,* v. ASIE MAHONE, JR., and JOHN CORKHILL, Executive Secretary, Kansas Public Employees Retirement System, *Appellants.*

(517 P. 2d 131)

Opinion filed December 8, 1973.

*Marshall Crowther,* Special Assistant Attorney General, argued the cause, and *Vern Miller,* Attorney General, and *Dennis W. Moore,* Assistant Attorney General, were with him on the brief for the appellants.

*Frederick K. Cross,* of Cross, Serra and Turner, Chartered, of Kansas City, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by three minor children against their father and the Kansas Public Employees Retirement System to provide for their support out of funds due and owing to the father as a member of the retirement system. The plaintiffs-appellees are Leslie Renee Mahone, Effie Denise Mahone and Asie Mahone, III. The action was brought on their behalf by their mother and next friend, Flora Mahone. In this opinion we will refer to them as the plaintiffs or the children. The children's father, Asie Mahone, Jr., was a named defendant in the district court. Although personally served with summons he has never appeared in the proceeding. The defendant-appellant in this court, Kansas Public Employees Retirement System, has appeared through its

Executive Secretary, John Corkhill. We will refer to the appellant as the retirement system.

The case was submitted to the district court on a stipulation of facts. For purposes of this appeal we will assume that the following facts are true: Plaintiffs are three minor children of their next friend, mother and natural guardian, Flora Mahone, and of the defendant, Asie Mahone, Jr. The next friend, Flora Mahone, obtained judgment against the defendant, Asie Mahone, Jr., in the District Court of Wyandotte County, Kansas, on the 29th day of June 1971. At the time of the decree, there were owing to the said Flora Mahone certain delinquencies in support monies and since the divorce decree the defendant, Asie Mahone, has continued to accumulate delinquencies in child support. He has remarried and has left the jurisdiction, presently living in Jackson County, Missouri.

At the time of the decree of divorce, no mention was made by the defendant of his entitlement under the Kansas Public Employees Retirement System of sums set aside as a pension nor was any mention made of his intention to withdraw such monies in a lump sum. Exactly 121 days after the defendant was terminated from public employment (this is the waiting period statutorily set forth), he made application for withdrawal in a lump sum of all pension monies accruing in his behalf. Such application was made without notice to his former wife and without notifying the court and at a time when he was delinquent in child support. Plaintiffs first sought to bring an action in the District Court of Wyandotte County, Kansas, in an effort to minimize the expense of litigation. Such action is still pending although plaintiffs now concede that statutorily an action to enforce a judicial remedy against pension entitlements must be brought in Shawnee county where the instant case has been brought. Plaintiffs filed their action on November 10, 1971, seeking, among other things, that the pension monies vested in and accruing to the defendant, Asie Mahone, Jr., be restrained and that the sums be paid unto the Clerk of the District Court of Wyandotte County, Kansas, for a suitable accounting and application and credit toward the delinquent child support monies found to be due, together with court costs, attorney's fees and other relief. No answer has been made by the defendant, Asie Mahone, Jr., despite notice having been given to him and to his attorneys in Wyandotte County, Kansas, on several occasions. He is beyond

the jurisdiction of the court so far as contempt citation is concerned, being in another state. Inasmuch as he secrete himself and his employment from his former wife, she is unable to exercise the ordinary post-judgment remedies of attachment, execution and garnishment. The next friend, Flora Mahone, has announced to the court her intention to pursue what remedies might be available to her under the Uniform Reciprocal Support Act, but has expressed the general ineffectiveness of such a remedy as between Wyandotte county and its contiguous sister county, Jackson County, Missouri.

Each of the parties filed a motion for summary judgment and the case was determined by the trial court on a single issue of law which may be stated as follows: Whether or not the accumulated funds of the defendant Mahone with the Kansas Public Employees Retirement System can be applied to past due child support of the defendant Mahone in light of K. S. A. 74-4923, which exempts said funds from execution, garnishment or attachment or any other process or claim whatsoever.

Before examining the contentions of the parties it would be helpful to bring more clearly into focus the provisions of the pertinent statute, K. S. A. 74-4923, which provides in part as follows:

"74-4923. Rights of members and beneficiaries not affected by change or repeal of act, exception; nonalienation of benefits; exemption from taxes and legal process.

. . . . . . . . . . . . . . .

*Any annuity, benefits, funds, property, or rights created by,* or accruing to any person under *the provisions of K. S. A. 74-4901 et seq.* or K. S. A. 74-4951 *et seq.,* and any acts amendatory thereof or supplemental thereto, are hereby made and declared exempt from any tax of the state of Kansas or any political subdivision or taxing body thereof, and *shall not be subject to execution, garnishment, or attachment, or any other process or claim whatsoever, and shall be unassignable, except as specifically provided by this act."* (Emphasis supplied.)

On this appeal the appellant retirement system contends in substance that the statutory exemption contained in 74-4923 is clear, precise and complete on its face and that the language in the statute provides an exemption from any type of claim whatsoever including claims by dependent minor children for child support. The retirement system further maintains that if an exception had been intended for claims involving child support, the legislature would have so provided and further that a court has no right to make an exception where the legislature failed to make one.

The minor children and the trial court took a different approach

to the question. Here the children contend that statutory exemptions relating to civil pensions are inapplicable when in conflict with the enforcement of a decree for child support. They take the position that 74-4923 should be construed in accordance with the clear purpose and intent of the legislature, which is to protect not only the pensioner but also the members of his family from the claims of creditors which might take away from them all means for their support. The children further maintain that the exemption statute must be interpreted in the light of K. S. A. 1971 Supp. 60-1610 (a) which places upon the district court in a divorce case a clear and unequivocal duty to provide for the support of the minor children of the parties. Stated in another way they contend that it was not the legislative intention to make the Kansas Public Employees Retirement System a haven for a runaway father to escape his obligation to support his minor dependent children.

At the outset we wish to emphasize that the children are not attempting to have sequestered for their support, accumulations in a pension system which are not at this time fully due and payable to their father. Under the stipulated facts the father, Asie Mahone, Jr., has made application for the withdrawal in a lump sum of all pension monies accumulated in his behalf, which amount to approximately $3,000. It is undisputed that the father is entitled to these funds as a matter of right both under his contractual relationship with the retirement system and the pertinent statutory provisions. We do not have before us a factual situation where minor children are seeking to obtain for their support funds not yet due and payable under the retirement program.

The issue presented here is one of first impression in Kansas. However, the issue has been litigated many times in other jurisdictions where a substantial majority of the decisions have held in favor of the minor dependent children by making the father's pension monies available at least in part for their support. Under most authorities a judgment for child support is excepted from the statutory exemption, either by express provision in the statute or by construction thereof. The cases supporting the majority rule are set forth in extensive annotations in 11 A. L. R. 110, 106 A. L. R. 669, and 54 A. L. R. 2d 1418. Even where the exemption provision is absolute on its face, it has been held that exemptions contained in pension statutes or ordinances are inapplicable to a claim for alimony or child support. (*Lapolla v. Retirement Board, Etc.,* 140

N. Y. S. 2d 449; *Fischer v. Fischer,* 13 N. J. 162, 98 A. 2d 568; *Courtney v. Courtney,* 251 Wis. 443, 29 N. W. 2d 759; and *McDonald v. McDonald,* 351 Mich. 568, 88 N. W. 2d 398.) The minority position to the contrary is taken in California (*Ogle v. Heim,* 69 Cal. Rptr. 579, 442 P. 2d 659) and Massachusetts (*Utley v. Utley,* 355 Mass. 469, 245 N. E. 2d 435.)

We have concluded that the statutory exemption contained in K. S. A. 74-4923 is not applicable when in conflict with the enforcement of a decree or claim for child support. We further hold that the trial court was entirely correct in its judgment that under the circumstances of this case the accumulated funds of Asie Mahone, Jr., presently due and owing from the Kansas Public Employees Retirement System, should be applied to the support of his minor dependent children in satisfaction of delinquent child support payments under the decree entered in the district court in Wyandotte county.

In arriving at this conclusion we have applied the principle that a statute is not to be given an arbitrary construction, according to the strict letter, but one that will advance the sense and meaning fairly deducible from the context. "It is not the words of the law but the internal sense of it that makes the law; the letter of the law is the body; the sense and reason of the law is the soul." (Quoted from the dissent of Mr. Justice Harlan in the *Civil Rights Cases,* 109 U. S. 3 [1883], 27 L. Ed. 835, 3 S. Ct. 18.) The whole purpose and policy of our exemption laws has been to secure to an unfortunate debtor the means to support himself and his family, to keep them from being reduced to absolute destitution and thereby public charges. (*Southwest State Bank v. Quinn,* 198 Kan. 359, 424 P. 2d 620.) In construing statutory exemptions this court has consistently taken into consideration this purpose and policy. We have by judicial construction excepted from the application of certain statutory exemptions, persons and situations not falling within that purpose.

*Guptil v. McFee,* 9 Kan. 30, involved a statute which made exempt from execution the necessary tools and implements of any mechanic, miner or other person used and kept for the purpose of carrying on of his trade or business. It was held that this exemption provision did not apply to partnership property and that partnership property in the hands of the firm was not exempt by law from an

execution against the firm. There was no language in the exemption statute which specifically excluded partnership property. The court, however, found the purpose of the statute to be to protect citizens who earn their livelihood by the use of tools or implements, not citizens who incidentally use tools and implements for the purpose of carrying on a trade or business with others. Hence the court by judicial construction held that partnership property was not included within the exemption. In *Burke v. Finley*, 50 Kan. 424, 31 Pac. 1065, this court held that a debtor who had a family to support could not waive the statutory exemption provided for his wages since the particular exemption was created for the benefit of the debtor's family and therefore he had no power to waive it. In *Southwest State Bank v. Quinn*, supra, we held that a corporation as such has no statutory exemption rights and may not hold property exempt from lawful claims of general creditors. The statute involved was K. S. A. 60-2414 ($k$) which provided that after foreclosure of a mortgage the right of redemption shall not be subject to levy or sale on execution. There was no language in the statute which excepted corporations from the application of the exemption. Nevertheless, this court considered the purpose and policy of our exemption laws to be to protect an unfortunate debtor and his family, and by construction excepted corporations from the protection of the statutory exemption.

We have held that a claim of an ex-wife for alimony can be enforced by a court in a divorce decree as a lien against the husband's homestead in the face of a claim of exemption by the husband. (*Blankenship v. Blankenship*, 19 Kan. 159; *Johnson v. Johnson*, 66 Kan. 546, 72 Pac. 267.) *Blankenship* and *Johnson* clearly stand for the proposition that the exemption afforded a husband's homestead will not be applied to prevent a court from enforcing the alimony rights of a wife. In those cases the court took into consideration the purpose of the homestead exemption provision and by judicial construction held it inapplicable to a claim of alimony.

In construing the exemption provision under 74-4923 we should consider the other sections of the statute which created and maintain the Kansas Public Employees Retirement System. The purpose of the act is set forth in K. S. A. 74-4901. One of its purposes is to enable public employees to accumulate reserves for themselves

*and their dependents.* Under 74-4902 (7) a member's dependent child is specifically included as a beneficiary of the program. In view of these provisions it seems clear to us that the Kansas Public Employees Retirement System is designed to protect the minor dependents of a member as well as the member himself.

This court as a matter of public policy has always vigorously protected the right of a dependent child to receive support from his father. The denial of relief to the minor children in cases such as this might well cast upon the public the burden of supporting a pensioner's children and relieve him and his property of that obligation. Such a holding in our judgment would be perversive of the true purpose and policy of our exemption laws and the intent of the legislature in providing the exemption contained in K. S. A. 74-4923.

The judgment of the district court is accordingly affirmed.

FROMME, J., dissenting. It has been said that public policy is the time worn friend of appellate judges in a quandary. This court's duty in this case should be limited to construing the statute (K. S. A. 74-4923) and not to declaring public policy. It is the duty of courts to interpret a law as they find it expressed by the legislature without reference to whether its provisions constitute good or sound public policy. Where the legislative purpose has been declared in plain and unmistakable language, it is not within the province of the court to interpose contrary views of what the public need demands. If public welfare demands some exception or change in the law, it is to be effected by the legislature, and not by the courts in the guise of interpretation.

Mr. Chief Justice Johnston expressed this view in *McAllister v. Fair,* 72 Kan. 533, 84 Pac. 112, when he said:

". . . .The right to determine what is the best policy for the people is in the legislature, and courts cannot assume that they have a wisdom superior to that of the legislature and proceed to inject into a statute a clause which, in their opinion, would be more in consonance with good morals or better accomplish justice than the rule declared by the legislature. It has been said that 'the well-considered cases warrant the pertinent conclusion that when the legislature, not transcending the limits of its power, speaks in clear language upon a question of policy, it becomes the judicial tribunals to remain silent.' (*Malinda Deem et al. v. Thomas Millikin et al.,* 6 Ohio C. C. 357, 360.)" (p. 536.)

If an exception is to be engrafted onto the clear statutory exemp-

tion from "process or claim whatsoever" it should be done by the legislature, not this court. This exception will have the effect of subjecting the Kansas Public Employees Retirement System to extensive litigation. The System will be brought into every divorce action which involves a public employee of the state with future retirement benefits, and when such an employee retires from service such benefits will be subjected to continuing claims for alimony and support, of minor children. When such claims exceed the monthly benefit to be paid a retirant he may find himself without any funds to live on unless the court applies some limit to the amount which can be reached.

I would construe the statute as written and reverse the trial court's judgment.

SCHROEDER, J., joins in the foregoing dissenting opinion.