**In re Dennis F. BREAU, Debtor.**

**Bankruptcy No. 281–00444.**

United States Bankruptcy Court,
D. Maine.

Feb. 17, 1982.

Harvey J. Putterbaugh, Portland, Maine, trustee.

John M. Whalen, Platz & Thompson, P. A., Lewiston, Maine, for debtor.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Dennis F. Breau filed his petition in bankruptcy on September 18, 1981. The debtor claimed as exempt property, pursuant to Me.Rev.Stat.Ann. tit. 14, § 4422(5) (Supp. 1981–82), three guitars and an acoustic amplifier, with a value not in excess of $2,700. The trustee has stipulated that

these items are used professionally by the debtor, and that the debtor's income derives solely from his work as a professional musician. The trustee objected, contending that the aforesaid items do not qualify as exempt property under section 4422(5), which states:

> Tools of the trade. The debtor's aggregate interest, not to exceed $1,000 in value, in any implements, professional books or tools of the trade of the debtor..., including but not limited to, power tools, materials and stock designed and procured by him and necessary for carrying on his trade or business and intended to be used or wrought therein.

The narrow issue before this Court is whether these items qualify for exemption under section 4422(5).[1]

Section 4422 was enacted by P.L. 1981, c. 431 to repeal and replace the former exemption statute, Me.Rev.Stat.Ann. tit. 14, § 4401. Repealed section 4401 exempted, in part:

> Trade tools, sewing machine, refrigerator, washing machine, musical instruments. The debtor's interest not to exceed $1,000, in the tools necessary for his trade or occupation, including power tools; materials and stock designed and procured by him and necessary for carrying on his trade or business and intended to be used or wrought therein; one sewing machine, one refrigerator and one washing machine not exceeding $200 each in value for actual use by himself or family; *the musical instruments used by him in his profession as a professional musician, not exceeding $200 in value....*

(Emphasis added). The specific provision relating to musical instruments emphasized above was not carried over into section 4422. The legislature's action of deleting that provision is subject to two conflicting interpretations: (1) the legislature may have intended to completely eliminate any

exemption for musical instruments used professionally by a professional musician-debtor, or (2) the legislature may have intended to remove the $200 limitation and, instead, allow professional musicians the full $1,000 exemption permitted debtors in other occupations. "[T]he fundamental rule of statutory construction is to 'ascertain the real purpose and intent of the legislature which when discovered, must be made to prevail.'" *Franklin Property Trust v. Foresite, Inc.*, 438 A.2d 218, 222 (Me.1981) *quoting Mundy v. Simmons*, 424 A.2d 135, 137 (Me.1980). Here, the ambiguity inherent in the legislature's action may be resolved by examining the "Statement of Fact" attached to the legislative document introducing P.L. 1981, c. 431. "The 'Statement of Fact'... is a proper and compelling aid to ascertaining the legislative purpose and intent." *Franklin Property Trust*, 438 A.2d at 223. Here the Statement of Fact states in part:

> The purposes of this new draft are generally to:
>
> .    .    .    .    .
>
> 2. Adopt the existing federal exemptions except where comparable state exemptions are more generous;
>
> 3. Incorporate state exemptions for which there are no federal equivalents....

L.D. 1642, 110th Legislature (May 21, 1981). Section 4422(5) adopts the operative language of 11 U.S.C. § 522(d)(6).[2] The first possible interpretation of section 4422(5) set forth above, *i.e.*, that the legislature intended to abolish the previous exemption for a professional musician's musical instruments, is inconsistent with the legislature's stated purpose. It assumes that the federal exemption incorporated in the new Maine statute for tools of the trade would not exempt a professional musician's instruments. Thus, the prior Maine law would have provided an exemption for which there was no

---

1. The trustee concedes that if the guitars and amplifier do so qualify, the debtor may use his unused residence exemption pursuant to Me. Rev.Stat.Ann. tit. 14, § 4422(16) (Supp. 1981–82) to wholly exempt all four items.

2. 11 U.S.C. § 522(d)(6) provides in part: "The debtor's aggregate interest, not to exceed $750 in value, in any implements, professional books, or tools, of the trade of the debtor...."

federal equivalent [3] (the $200 exemption for a professional musician's instruments), yet the legislature is assumed to have *not* incorporated it into the new Maine statute. Further, if the first possible interpretation is accepted, then the legislature is assumed to have adopted an existing federal exemption despite the fact that the comparable state exemption was in part more generous.

The second interpretation, *i.e.*, that the legislature intended to permit professional musicians the full $1,000 exemption permitted debtors in other occupations, is consistent with the stated purposes of the new statute. It assumes that the federal exemption does cover a professional musician's instruments. Thus, the legislature adopted the federal exemption which in this respect was more generous than the comparable state exemption (which limited a professional musician to only $200 exemption). There was no need to incorporate the specific state exemption for musical instruments into the new statute because there was, in fact, a federal equivalent.

Finally, the second interpretation is fully in accord with the general purpose underlying exemption statutes: to secure to the debtor the means to support himself and his family. 35 C.J.S. *Exemptions* § 1 (1969); *see Mahone v. Mahone*, 213 Kan. 346, 350, 517 P.2d 131, 134 (1973). Therefore, this Court finds in favor of the debtor, and denies the trustee's objections. The items in question qualify as exempt property pursuant to Me.Rev.Stat.Ann. tit. 14, § 4422(5). Enter order.

**3.** Me.Rev.Stat.Ann. tit. 14, § 4422(3) does exempt musical instruments "that are held primarily for the personal, family or household use of the debtor...." Because this section does not appear to apply to musical instruments used in one's profession as a professional musician, it cannot be said to have incorporated into the new Maine statute the repealed provision exempting such instruments.