No. 61,686

Elizabeth A. Mariche, *Appellee,* v. Pedro Mariche, *Appellant.*
(758 P.2d 745)

Opinion filed July 8, 1988.

*Kenneth S. Johnson,* of Dodge City, was on the brief for appellant.

*Ben Lightfoot,* court trustee, of Jetmore, was on the brief for appellee.

The opinion of the court was delivered by

Prager, C.J.: Pedro Mariche, defendant, appeals an order of the district court that allowed his ex-wife, Elizabeth A. Mariche, plaintiff, to garnish social security disability benefits, received by defendant and deposited in defendant's bank account, to pay delinquent child support. Defendant maintains that social security disability payments are exempt from garnishment under the provisions of K.S.A. 1987 Supp. 60-2308(a).

The facts are undisputed and were stipulated to by the parties for the purpose of this appeal. The parties were divorced in 1981, and defendant was ordered to pay $300 per month for support of his three minor children. He failed to make all of the required payments and, by April of 1987, he was in arrears in the amount of $14,000. On April 1, 1987, the Social Security Administration (SSA) determined that defendant was totally disabled and entitled to social security disability payments. On April 10, the SSA deposited $2,468 directly into defendant's bank account at the Credit Union of Dodge City. Plaintiff, through a garnishment order issued in the divorce case on April 16, attached the balance of the account in the amount of $1,400. The parties stipulated that all funds in the account came from social security disability payments. Defendant challenged the garnishment order, claiming that social security disability benefits are exempt from gar-

nishment under K.S.A. 1987 Supp. 60-2308(a). Both the district magistrate and the district judge held that defendant's social security disability benefits were not exempt from garnishment and could be applied to the payment of past-due child support. Defendant appealed, and the case was transferred to the Supreme Court.

The basic issue on appeal is whether the district court erred in holding defendant's social security disability benefits were not exempt from garnishment to pay past-due child support under K.S.A. 1987 Supp. 60-2308(a), which provides as follows:

"**Pension and retirement money exempt, exception.** (a) Money received by any debtor as pensioner of the United States within three months next preceding the issuing of an execution, or attachment, or garnishment process, cannot be applied to the payment of the debts of such pensioner *when it is made to appear by the affidavit of the debtor or otherwise that such pension money is necessary for the maintenance of the debtor's support or a family support* wholly or in part by the pension money. The filing of the affidavit by the debtor, or making proof as above provided, shall be *prima facie* evidence, and it shall be the duty of the court in which such proceeding is pending to release all moneys held by such attachment or garnishment process, immediately upon the filing of such affidavit, or the making of such proof." (Emphasis supplied.)

Defendant maintains that he is a "pensioner of the United States," and that his social security disability payments are thus exempt from garnishment. Defendant cites no Kansas case law to support his position.

We have concluded that the issue presented in this case is governed by the federal statutes pertaining to social security disability benefits. Prior to 1975, 42 U.S.C. § 407 (1970) provided that social security payments of all types were not transferable or assignable or subject to execution, levy, attachment, garnishment, or other legal process:

"The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

Aware of the importance of the right of a spouse and children to receive support from an absent parent, Congress in 1975 enacted § 459 of the Social Security Act (42 U.S.C. § 659 [1982]), which waived the sovereign immunity previously enjoyed by the United States and specified that wages of government employees and also social security benefits are subject to garnishment in

child support and alimony cases. A 1983 amendment to 42 U.S.C. § 407 included a provision that no other law enacted before, on, or after a certain date could be construed to limit, supersede, or otherwise modify the provisions of § 407 except to the extent it does so by express reference to that section. 42 U.S.C. § 407 (Supp. III 1985). Currently, 42 U.S.C. § 659 (Supp. III 1985) provides:

"Notwithstanding any other provision of law, *(including section 407 of this title)* effective January 1, 1975, moneys (the entitlement to which is based upon *remuneration for employment)* due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments." (Emphasis supplied.)

42 U.S.C. § 662(f) (Supp. III 1985) defines "remuneration for employment" to include "periodic benefits . . . or other payments to such individual under the insurance system *established by subchapter II of this chapter."* (Emphasis supplied.) 42 U.S.C. § 423 (1982 and Supp. III 1985) provides for social security disability benefits and is included in subchapter II of the Social Security Act. Thus, under the federal statutes, the garnishment of social security disability benefits is authorized in order to permit recovery of past due child support or alimony payments. The Code of Federal Regulations (5 C.F.R. § 581.103 *et seq.* [1988]) interprets the federal statutes to authorize the garnishment of federal disability payments to pay child support and alimony payments.

The federal statutes have been utilized by state courts in permitting the garnishment of federal wages and social security disability payments to pay delinquent child support. *In Re Marriage of Schonts,* 345 N.W. 2d 145 (Iowa App. 1983), was a case where the ex-wife brought proceedings to garnish money the husband had deposited in a bank in an effort to collect child support arrearages under the parties' divorce decree. The trial court quashed the garnishment on the basis the payments were exempt. The Iowa Court of Appeals reversed, holding that the former husband's social security disability payments were available for payment of past-due child support. In reaching that conclusion, the Iowa Court of Appeals applied the provisions of

42 U.S.C. §§ 407 and 659. Iowa had a statute similar to K.S.A. 1987 Supp. 60-2308 which exempted all pension money from legal process. The court concluded, however, that the exemption statutes in Iowa were enacted for the purpose of protecting the wife, husband, and children, and, therefore, past-due child support payments could be recovered by garnishment of the father's social security disability payments.

It should be noted, however, that at the end of the opinion, the Iowa court stated that a trial court has discretion to use equitable principles in determining the amount of social security disability payments which should be applied to past-due child support. The court stated:

"We make note, however, the trial court should consider the particular circumstances of the case so as not to appropriate all of Harry's money to satisfy the arrears if, indeed, he relies on that money for his sole support. *See* 24 Am. Jur. 2d, § 723. The payment of the arrears should be geared to the particular case." 345 N.W. 2d at 147.

In *Barbour v. Barbour,* 642 S.W.2d 904 (Ky. App. 1982), the Kentucky Court of Appeals applied the federal statutes and held that federal social security disability payments were subject to legal process for the payment of past-due child support.

The same basic principle is recognized in *Brevard v. Brevard,* 74 N.C. App. 484, 328 S.E.2d 789 (1985). There, the North Carolina Court of Appeals held that, although social security disability benefits payable to a divorced father were subject to be applied for the payment of child support, benefits which are payable to the children and not to the father may not be garnished to recover past-due child support. The court reasoned that the children and not the father were entitled to the funds. The children were the beneficiaries of the benefits while the father was merely the representative payee. The exceptions to 42 U.S.C. § 407 were not applicable, because the children were not individuals obligated to pay child support under state law.

The foregoing analysis of the federal statutes and regulations and the various state cases which have considered the issue makes it clear that social security disability benefits payable to a parent are subject to garnishment to satisfy past-due child support payments decreed by state courts. Before leaving the issue, however, it should be noted that the Kansas cases have consistently held that pension benefits and property exempted by statute ordinarily are not exempt from garnishment for past-due child support ordered in a divorce decree.

*Mahone v. Mahone,* 213 Kan. 346, 517 P.2d 131 (1973), provides an excellent analogy for this case. In *Mahone,* three children sued their father for past-due child support, seeking to garnish all Kansas Public Employees Retirement System (KPERS) pension funds due him. The father argued that K.S.A. 74-4923 (Weeks) provided a statutory exemption for those funds. At that time, the statute provided that any KPERS funds " 'shall not be subject to execution, garnishment, or attachment, or any other process or claim whatsoever.' " 213 Kan. at 348. (NOTE: K.S.A. 74-4923 [Weeks] was later amended to specifically exclude garnishment for child support or maintenance against the KPERS fund.)

In *Mahone,* 213 Kan. at 350, the court ruled that the exemption was inapplicable to a claim for child support, basing its holding on the purpose of the exemption. The court reviewed several exemption statutes and noted that the general purpose behind such statutes was to allow a person the necessary funds to support his family free from creditors. See *Southwest State Bank v. Quinn,* 198 Kan. 359, 424 P.2d 620 (1967). Thus, in spite of the traditional homestead exemption, a wife could enforce her claim for alimony as a lien on homestead property. *Mahone v. Mahone,* 213 Kan. at 351 (citing *Blankenship v. Blankenship,* 19 Kan. 159 [1877], and *Johnson v. Johnson,* 66 Kan. 546, 72 Pac. 267 [1903]). The *Mahone* court then ruled that a father's duty to support his children took precedence over the statutory exemption. The court concluded:

"This court as a matter of public policy has always vigorously protected the right of a dependent child to receive support from his father. The denial of relief to the minor children in cases such as this might well cast upon the public the burden of supporting a pensioner's children and relieve him and his property of that obligation. Such a holding in our judgment would be perversive of the true purpose and policy of our exemption laws and the intent of the legislature in providing the exemption contained in K.S.A. 74-4923." 213 Kan. at 352.

The "true purpose and policy" of the exemption law at issue here is also clear. K.S.A. 1987 Supp. 60-2308 is designed to protect the funds necessary to support a pensioner *and his family.* This conclusion is supported by the wording of the statute itself "that such pension money is necessary for the maintenance of the debtor's support or a family support." K.S.A. 1987 Supp. 60-2308(a).

31 Am. Jur. 2d, Exemptions § 3, p. 331, states the general rule as follows:

"Exemption laws are the product of an enlightened public policy, which seeks to afford some measure of protection to the family of an unfortunate debtor, as well as to the debtor himself, and incidentally to the public. . . . By allowing the debtor to retain certain property free from molestation or appropriation by creditors, they thereby extend to him an opportunity of self-support so that he will not become a burden upon the public. Every man, even the extravagant and improvident, owes a first duty to those immediately depending upon him."

Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. *State, ex rel., v. Unified School District,* 218 Kan. 47, 49, 542 P.2d 664 (1975). In our judgment, the legislative intent of K.S.A. 1987 Supp. 60-2308(a) is to protect the debtor and also his family. Thus, this court should interpret that statute to allow garnishment of social security disability benefits for past-due child support. If the court were to allow the defendant to shelter his benefits, it would defeat the purpose of this exemption law rather than uphold it.

We have concluded that the trial court did not err in holding that social security disability payments are not exempt from garnishment to pay delinquent child support under the provisions of K.S.A. 1987 Supp. 60-2308(a). That issue is controlled by the federal statutes and regulations which permit the garnishment of social security disability benefits for the payment of past-due child support as ordered in a Kansas divorce case.

In his brief, defendant in the alternative argues that, if the social security disability payments are not exempt under K.S.A. 1987 Supp. 60-2308, then the garnishment is subject to the limitations specified in K.S.A. 1987 Supp. 60-2310, which limits the percentage of earnings which may be subjected to wage garnishment. It provides:

"(a) *Definitions.* As used in this act and the acts of which this act is amendatory, unless the context otherwise requires, the following words and phrases shall have the meanings respectively ascribed to them:

"(1) 'Earnings' means *compensation paid or payable for personal services,* whether denominated as wages, salary, commission, bonus or otherwise;

"(2) 'disposable earnings' means that part of the earnings of any individual remaining after the deduction from such earnings of any amounts required by law to be withheld;

"(3) 'wage garnishment' means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt; . . .

. . . .

"(b) *Restriction on wage garnishment.* Subject to the provisions of subsection (e), only the aggregate disposable earnings of an individual may be subjected to wage garnishment. The maximum part of such earnings of any wage earning individual which may be subjected to wage garnishment for any workweek or multiple thereof may not exceed either (1) twenty-five percent of the individual's aggregate disposable earnings for that workweek or multiple thereof, or (2) the amount by which the individual's aggregate disposable earnings for that workweek or multiple thereof exceed an amount equal to 30 times the federal minimum hourly wage, or equivalent multiple thereof for such longer period, whichever is less. . . .

. . . .

"(g) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed:

"(1) If the individual is supporting a spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50% of the individual's disposable earnings for that week;

"(2) if the individual is not supporting a spouse or dependent child described in clause (1), 60% of such individual's disposable earnings for that week; and

"(3) *with respect to the disposable earnings of any individual for any work-week, the 50% specified in clause* (1) shall be 55% and the 60% specified in clause (1) shall be 55% and the 60% specified in clause *(2) shall be 65%, if such earnings are subject to garnishment to enforce a support order for a period which is prior to the twelve-week period which ends with the beginning of such workweek.*" (Emphasis supplied.)

Defendant maintains, in substance, that under 60-2310 plaintiff should not be entitled to attach more than 65 percent of his disposable earnings for any workweek. We have concluded that the defendant's position does not have merit. We note that, under K.S.A. 1987 Supp. 60-2310, "wage garnishment" is defined as any legal or equitable procedure through which the *earnings* of any individual are required to be withheld for payment of any debt. Earnings are defined as compensation paid for *personal services*, whether denominated as wages, salary, commission, bonus, or otherwise. In our judgment, social security disability payments do not fit this definition of earnings because they are not received as compensation for personal services. Thus, social security disability benefits are not subject to the percentage limitations on garnishments set forth in K.S.A. 1987 Supp. 60-2310. Furthermore, according to the undisputed facts, the defendant received a payment of $2,468. Sixty-five percent of that amount is $1,604. By the time plaintiff garnished the account, only $1,400 was left, which is less than 65%.

For the reasons set forth above, we have concluded that the trial court did not err in holding that the $1,400 which defendant had deposited in his bank account was subject to garnishment for the payment of past-due child support. This conclusion is based upon the provisions of the federal statutes and regulations and the past decisions of this court which have consistently interpreted exemption statutes to permit a garnishment for the payment of past-due child support.

The judgment of the district court is affirmed.