The Honorable Ron Thornburgh Secretary of State State Capitol, 2nd Floor 300 S.W. 10th Avenue Topeka, Kansas 66612-1594
Dear Secretary of State Thornburgh:
As secretary of state, you request our opinion regarding the effect of a reclassification of categories of mail by the United States postal service. Specifically, you ask whether legal notices required by state law may be published in newspapers designated by the United States postal service as periodicals.
K.S.A. 64-101 establishes criteria to be met by newspapers in which legal notices, advertisements, or publications required by state law may be published. Among the qualifications is that the newspaper "must be entered at the post office of publication as second class mail matter." (Emphasis added.) A similar requirement to be met by newspapers designated as official county newspapers is included in the statute. Seealso K.S.A. 12-1651 (official newspaper of cities of the second or third class).
Four classes of mailable matter were developed in the comprehensive postal classification system established by congress in 1879. TheEnterprise, Inc. v. U.S., 833 F.2d 1216, 1219 (6th Cir. 1987). The purpose of the second class mail designation was to facilitate the dissemination of information of a public character. Id. Despite adoption of several postal reorganization acts, establishment of the United States postal service, and conferrence of rule-making authority upon the postal service, the qualifications for second class mailable material have remained remarkably consistent. See 61 Fed. Reg. 49, 10229-10230 (notice of implementation of changes to domestic mail classification schedule March 29, 1996); 39 C.F.R. § 30011.68, Appendix A to Subpart C; Pub.L. 86-682, Sept. 2, 1960, 74 Stat. 666; Act of March 3, 1879, ch. 180, § 14, 20 Stat. 355. With this historical perspective, the legislature enacted provisions in K.S.A. 64-101 requiring that legal notices, advertisements, and publications be published in newspapers which are entered in the post office as second class mail. See L. 1935, ch. 236, § 1.
Second class mail is defined in § 200.01 of the domestic mail classification schedule as "mailable material consisting of newspapers and other periodical publications which meet the qualifications listed in sections 200.0101 through 200.0109, or 200.0110." Among the qualifications for newspapers are: (1) it must be issued at stated intervals at least four times a year, bear a date of issue, and be consecutively numbered; (2) have a known office of publication; (3) be formed of printed sheets; (4) be originated and published for the purpose of disseminating information of a public character, or devoted to literature, the sciences, art, or some special industry; and (5) have a legitimate list of subscribers who have paid or are promising to pay at an above nominal rate for copies to be received during a stated time.
Effective July 1, 1996, second class mail will be redesignated as periodicals. See 61 Fed. Reg. 49, 10123-10125, 10229-10234 (final rule to be codified at 39 C.F.R. Part 111, March 12, 1996). According to information submitted to the Newspaper Association of America by Mary S. Elcano, senior vice-president and general counsel of the United States postal service:
 "The change in designation from `second-class' to `periodicals' was not intended as a substantive change affecting [various state law requirements making reference to second-class publications]. This is reflected in the Postal Service's Federal Register notice of March 12, 1996, publishing revisions to the Domestic Mail Manual to become effective July 1, 1996. 61 FR 10114. As stated in the Federal Register notice, `E200 is renamed to recognize the renaming of second-class mail as Periodicals.' Id. Further, as reflected in the Federal Register notice, the revised DMM will contain the following section:
"1.0 Basic Information
"1.1 Second-Class
 "Effective July 1, 1996, second-class mail was renamed Periodicals. This name change does not alter the status of authorized publications; second-class mailing privileges are now referred to as Periodicals mailing privileges and have comparable eligibility standards. Id. at 10123-24." Correspondence, Mary S. Elcano, April 19, 1996.
Substantial deference must be given to an agency's interpretation of its own regulations. Thomas Jefferson University v. Shalala, 512 U.S. ___,129 L.Ed.2d 405, 114 S.Ct. 2381, 2386 (1994). The agency's interpretation must be given controlling weight unless it is plainly erroneous or inconsistent with the regulation. Id. The purpose of the proposed regulations of the United States postal service was to reflect basic operational and network changes designed to improve the postal service's ability to encourage, manage, and benefit from automated mail, to improve mail flow, and to focus processing activities at a redesigned matrix of node facilities. 39 C.F.R. Part 111. While second class mail was redesignated as periodicals with two subclasses, the regulations were not intended to substantively change the types of items included within the classification. See id.; 60 Fed. Reg. 125, 34065 (proposed rule June 29, 1995). After comparing the definitions of second class mail and periodicals, we agree with the assessment of the United States postal service. See 61 Fed. Reg. 49, 10229-10230 (notice of implementation of changes to domestic mail classification schedule, March 29, 1996).
A statute requiring, as an essential qualification of a newspaper to publish official legal notices, that the newspaper be accepted by the postal department as second class mail would be invalid on the ground that such requirement would make the validity of the publication of notices depend on the future, as well as the present, regulations of the United States post office, and would therefore be an unlawful attempt to delegate to the post office the determination of the qualifications of a newspaper to publish legal notices. Dearborn Independent, Inc. v.Dearborn, 49 N.W.2d 370, syl. ¶ 1 (Mich. 1951); 58 Am.Jur.2dNewspapers, Periodicals, and Press Associations § 25 (1989). The constitutionality of a statute is presumed, and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, the court must do so. Inre Care Treatment of Hendricks, 259 Kan. 246, Syl. ¶ 1 (1996). We therefore do not believe K.S.A. 64-101, or other statutes like it, should be read to depend on the United States postal service terminology, but rather on the goal of the legislative requirement.
A statute is not to be given an arbitrary construction, according to the strict letter, but one that will advance the sense and meaning fairly deducible from the context. It is not the words of the law but the internal sense of it that makes the law; the letter of the law is the body; the sense and reason of the law is the soul. Mahone v. Mahone,213 Kan. 346, 350 (1973). The very nature and purpose of legal notices is to bring the information to the attention of interested parties by some regular means and at short intervals. Garden City News v. Hurst,129 Kan. 365, 369 (1929). Subsection (a)(2) of K.S.A. 64-101 provides that eligible newspapers be entered at the post office of publication as second class mail matter. Newspapers which after July 1, 1996, are entered at the post office as periodicals meet the standards required by the legislature when it enacted the provision. Therefore, newspapers entered at the post office as periodicals are deemed to comply with subsection (a)(2) of K.S.A. 64-101.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm