(216 P.3d 727)
No. 101,330

STATE OF KANSAS *ex rel.* SECRETARY OF THE KANSAS DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, MARY F. MOELLER and CORRINE R. WHITE, by and through MARY F. MOELLER, HER GUARDIAN AND NEXT FRIEND, *Appellees*, v. LARRY A. WHITE, *Appellant*.

Opinion filed September 25, 2009.

*Larry White*, appellant pro se.

*Randy M. Barker*, of Kansas Department of Social and Rehabilitation Services, of Topeka, for appellees.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

MCANANY, J.: In 1989, the State of Kansas Department of Social and Rehabilitation Services (SRS) commenced proceedings against Larry A. White regarding the paternity of a child born in 1988. White was personally served with process but failed to respond. The district court entered a default judgment against him declaring him to be the father of the child and ordering him to pay child support of $200 per month plus $1,614 for State assistance provided for the child.

There followed many proceedings to enforce the court's support order. In 2003 White, who was now disabled, began receiving Social Security Disability Insurance (SSDI) benefits. In December 2005, the court issued a monthly income withholding order for $200 per month child support and for $50 per month to be applied to the accumulated arrearage. The order applied to White's SSDI payments. In May 2006, the withholding order was reduced to $200 per month child support and $25 per month for the arrearage.

In June 2007, White's obligation for ongoing support ended when his child, who had already reached age 18, completed high school. Accordingly, in July 2007 the withholding order was modified to $225 per month to be applied to the child support arrearage, which by this time amounted to approximately $39,000.

In 2008, White was in prison serving a 24-month sentence for burglary and theft. He is scheduled for release in December 2009. White moved to terminate the income withholding order. In September 2008, the district court denied White's motion, and he now appeals.

Whether White's SSDI is subject to the district court's withholding order is an issue of law over which our review is de novo. See *Genesis Health Club, Inc, v. City of Wichita*, 285 Kan. 1021, 1031, 181 P.3d 549 (2008).

*Cases*

Our Supreme Court addressed the issue in *Mariche v. Mariche*, 243 Kan. 547, 758 P.2d 745 (1988). In *Mariche*, the court determined that SSDI benefits are subject to garnishment to recover past-due child support. 243 Kan. at 550.

White ignores *Mariche* and relies on *State ex rel. Secretary of SRS v. Moses*, 39 Kan. App. 2d 1054, 186 P.3d 1216 (2008). This reliance is misplaced. The court in *Moses* held that Supplemental Security Income (SSI) benefits are not treated as income in the calculation of child support. *Moses* does not address SSDI benefits, such as those White receives.

SSDI is federal disability insurance. 42 U.S.C. § 423(a) (2006). To qualify for SSDI, one must have a physical or mental condition that prevents one from engaging in "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A). The condition must be expected to last at least 12 months or to result in death. 42 U.S.C. § 423(d)(1)(A). The individual must meet work history requirements. 42 U.S.C. § 423(c)(1)(B). The previous earnings of the individual directly affect the amount of assistance received, as set out by 42 U.S.C. § 415 (2006). 42 U.S.C. § 423(a)(2).

On the other hand, SSI is a welfare program covered under 42 U.S.C. § 1381-82 (2006). SSI is available to all individuals whose income is below specified levels. 42 U.S.C. § 1381a (2006). Unlike SSDI, SSI is not an insurance program or based on an individual's work history.

The holding in *Moses* applies to SSI welfare benefits, not to SSDI work-related benefits. *Moses* does not control. The issue was resolved contrary to White's position in *Mariche*.

*Statutes*

White also claims that K.S.A. 60-2310 and 42 U.S.C. § 407 (2006) exempt SSDI benefits from garnishment.

K.S.A. 60-2310(c) does not apply to SSDI benefits. K.S.A. 60-2310(c) applies to workers who are unable to work in their regular trade or profession due to illness. The statute provides a 2-month reprieve from garnishments while the worker recovers from an illness. White is permanently disabled. He does not have a regular trade or job to which he will return once he is no longer disabled. He receives disability income in lieu of regular income. K.S.A. 60-2310 provides him no relief. *Mariche,* 243 Kan. at 553.

Similarly, 42 U.S.C. § 407 does not apply. In *Mariche,* the court considered 42 U.S.C. § 407 (1970) which, before 1975, provided that social security payments of all types were not exempt from garnishment. However, 42 U.S.C. § 659 specifically superseded § 407 in child support cases and allows garnishments to collect child support. 42 U.S.C. § 407 provides White no relief. 243 Kan. at 549-53.

Under both state and federal law it is clear that SSDI benefits are subject to garnishment for past-due child support.

*White's other claims*

White attempts to raise new issues for the first time in his reply brief and in his Rule 6.09(b) (2008 Kan. Ct. R. Annot. 47) letters of additional authority. Pursuant to Supreme Court Rule 6.05 (2008 Kan. Ct. R. Annot. 43), a reply brief is reserved for responses to new material contained in appellee's brief, not for the assertion of new matters by the appellant. White's reply brief does not address new matters raised for the first time by SRS in its brief.

A letter of additional authority pursuant to Supreme Court Rule 6.09(b) is reserved for citing significant relevant authorities not previously cited which come to a party's attention after briefing, not for raising new issues. White's first letter of additional authority simply attaches a copy of the court's opinion in *Moses,* which we addressed earlier. He attempts to raise new issues in his second Rule 6.09(b) letter. Accordingly, we disregard White's reply brief and his second letter of additional authority. See *State v. Greever,*

286 Kan. 124, 183 P.3d 788 (2008); *In re Marriage of Powell*, 13 Kan. App. 2d 174, 766 P.2d 827 (1988).

Affirmed.