MAGER, Judge.
Defendant-husband appeals a final judgment granting the plaintiff-wife a divorce and awarding child custody and child support. Defendant contends that the trial court lacked jurisdiction over the person of the defendant and consequently the award of child support was erroneous. We are of the opinion that defendant’s contentions are well founded.
The record reflects that defendant was a resident of the State of Alabama at the time plaintiff filed her complaint.[1] Jurisdiction over the defendant, for the purpose of the divorce proceedings, was acquired through constructive service of process as provided by law (F.S. Section 61.061, F.S.A., the law in effect at the time of the proceedings). Defendant, through Alabama counsel, filed a sworn “plea in abatement” for the “sole and specific purpose of objecting to the jurisdiction of said *551 court”.[2] The court rejected the “plea” and construed the “plea” as an answer granting the defendant leave to file a supplemental or further answer. No further pleadings of defenses were filed.[3] The court proceeded to enter a final judgment of divorce granting plaintiff permanent custody and control of the minor child of the parties and awarding her weekly child support.
The error in the judgment below is clearly reflected in the decision in Adams v. Adams, Fla.App.1969, 218 So.2d 777, at 778:
“It appears from the record and briefs that neither jurisdiction in personam nor in rem was obtainedj and therefore insofar as the final judgment provided for money judgments against the defendant for alimony and support of child payments, the same as in error and contrary to the decisions of our Courts as laid down by the Supreme Court of Florida in Pawley v. Pawley, 46 So.2d 464, 28 A.L.R.2d 1358 (1950) and by the Third District Court of Appeal of Florida in Voss v. Voss, 169 So.2d 351 (1964).” (Emphasis added.)
Although defendant’s “plea” did not conform to Florida practice such response properly and timely raised the question of the court’s jurisdiction over his person. Cf. Robinson v. Loyola Foundation, Inc., Fla.App.1970, 236 So.2d 154.[4]
Accordingly, the final judgment is modified by deleting therefrom the provisions thereof ordering the payment of support money and said decree stands reversed to such extent.
REED, C. J., and WALDEN, J., concur.

. The complaint specifically averred that defendant was not a resident of Florida. There were no allegations indicating the presence in this state of any property belonging to the defendant.

. Under Florida rules of practice and procedure pleas in abatement are abolished. The plea, in this case, stated under oath:
“ . . . that tlie Defendant is a resident citizen of the State of Alabama.
“ . . . that the Defendant has never resided in the State of Florida.
“ . . . that the Defendant and the Plaintiff never lived together as Husband and Wife in the State of Florida, but in fact lived together only in the States of Georgia and Alabama.”

. Defendant’s Alabama counsel mailed a letter to the judge requesting that such letter be treated as a petition for reconsideration of the court’s order denying the plea in abatement.

. Where a timely challenge of the court’s jurisdiction over the person is overruled a plea to the merits does not waive a defendant’s right to have the trial court’s action reviewed on appeal. Robinson v. Loyola Foundation, Inc., Fla.App.1970, 236 So.2d 154.