353 So.2d 1271 (1978)
Herman Thomas PALMER, Jr., Appellant (Respondent),
v.
Pamela Kay PALMER, Appellee (Petitioner).
No. HH-163.
District Court of Appeal of Florida, First District.
January 20, 1978.
Clayton J.M. Adkinson of Thompson, Adkinson & Beasley, Defuniak Springs, for appellant.
E. Allan Ramey, Defuniak Springs, for appellee.
MILLS, Judge.
The wife filed a petition for dissolution of marriage which included claims for child support, alimony, attorney's fee and costs. The husband, a resident of Florida and a career Army officer stationed in Germany, was served with process by publication. The husband moved to dismiss the claims for child support, alimony, attorney's fee and costs on the ground that the court had not acquired in personam jurisdiction over him. The trial court denied the motion and the husband took this interlocutory appeal.
The husband contends that as he was served with process by publication the court obtained only in rem jurisdiction. The wife contends, and the trial court agreed, that although the husband was served by publication, the provisions of Section 48.193(1)(e) gave the court in personam jurisdiction. We agree with the husband and reverse.
Several sections of Chapter 48, Florida Statutes (1975), enacted in 1973, are involved here and they provide:
"48.193 Acts subjecting persons to jurisdiction of courts of state. 
"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
.....
"(e) With respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant *1272 resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
.....
"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
.....
"(4) Nothing contained in this section shall limit or affect the right to serve any process in any other manner now or hereinafter provided by law.
"48.194 Personal service outside state.  Service of process on persons outside of this state shall be made in the same manner as service within this state by any officer authorized to serve process in the state where the person is served. No order of court is required. An affidavit of the officer shall be filed, stating the time, manner, and place of service. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made."
Prior to the enactment of Sections 48.193(1)(e) and (2), and 48.194, a plaintiff had to obtain personal service of process upon a defendant by serving the defendant personally in Florida. By this service plaintiff achieved in personam jurisdiction. Where personal service was impossible the only alternative open to plaintiff was to obtain service of process by publication. This service achieved only in rem jurisdiction.
Since the enactment of Sections 48.193(1)(e) and (2), and 48.194, a plaintiff has another alternative. In a dissolution of marriage action which seeks alimony, child support or division of property, a defendant, who maintains a matrimonial domicile in this state or resides in this state preceding the commencement of the action, whether cohabiting or not, may be personally served with process outside this state as provided in Section 48.194. This service shall have the same effect as if it had been served personally in this state.
A plaintiff in a dissolution of marriage action now has three methods by which he or she may serve a defendant. Section 48.193(4). The method selected by a plaintiff depends upon the alternative available and the option of the plaintiff.
In this case the wife had two alternatives available, personal service under Sections 48.193 and 48.194 or service by publication under Section 49.021, Florida Statutes (1975). She had the option to select the method of service. She selected service by publication. In so doing the court obtained in rem jurisdiction. If she had selected the other alternative available, the court would have obtained in personam jurisdiction. She did not. The trial court, therefore, erred in denying the husband's motion to dismiss.
Reversed.
ERVIN, J., concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Acting Chief Judge, concurring specially.
I agree with the reasoning and conclusion reached by Judge Mills based upon the cited statutes. I think it important, however, to note that we do not here pass upon the constitutionality of F.S. 48.193(1)(e), no constitutional issue having been presented.