388 So.2d 1048 (1980)
Joe Allen CHAPMAN, Appellant,
v.
Bonnie Lou Brodie Chapman LAMM, Appellee.
No. 79-1550.
District Court of Appeal of Florida, Third District.
August 5, 1980.
Rehearing Denied October 14, 1980.
*1049 Elizabeth S. Baker, Kathy Hamilton and Stephen Maher, Legal Services of Greater Miami, Miami, for appellant.
Rubin & Friedman and Nicholas R. Friedman, Miami, for appellee.
Before HUBBART and BASKIN, JJ. and PEARSON, TILLMAN (Ret.), Associate Judge.
PEARSON, TILLMAN (Ret.), Associate Judge.
Respondent Joe Allen Chapman, who has been ordered committed to the Dade County jail for 90 days,[1] appeals from an order which finds:
"1. That the respondent, Joe Allen Chapman, has had the ability to make the child support payments required by prior order of court, but had failed and refused to do so and is, therefore, in willful contempt of court.
"2. That the respondent is in arrears $8,135.00 of which $2,987.50 is owed to the State of Florida, Department of Health and Rehabilitative Services and $5,147.50 is owed to the payee.
* * * * * *
"5. That the respondent may purge himself of contempt by the payment of $8,170.00, made payable to the Clerk of the Circuit Court.
* * * * * *
"6... . $2,987 shall be paid to the State of Florida, Health and Rehabilitative Services; $5,147.50 shall be paid to Bonnie Lamm, ... and $35.00 to Joe Schwartz, ..."
In his brief and in argument before this court, Chapman has concentrated largely upon his contention that the order is reversible because it purports to imprison him for a sum of money owing to the State of Florida. We find this position well taken and reverse the order appealed.
The courts may not imprison for failure to pay a debt.[2] Contempt for failure to pay court-ordered alimony or child support is based upon the fact that such obligations arise out of the duty owed and that, in accordance with public necessity, dependents must be supported. See Faircloth v. Faircloth, 339 So.2d 650 (Fla. 1976); and Gersten v. Gersten, 281 So.2d 607 (Fla.3d DCA 1973). When the obligation has been converted into a debt to a third person, it no longer carries the public necessity for enforcement by imprisonment. See Corbin v. Etheridge, 296 So.2d 59 (Fla.1st DCA 1974); and State ex rel. Gillham v. Phillips, 193 So.2d 26 (Fla.2d DCA 1966). The fact that the State is the third party does not transfer to the State a greater right to the remedy of contempt than that held by a private litigant. See 30 Fla.Jur. State of Florida § 52 (1974), and cases cited therein; see also Turner v. State, 168 So.2d 192 (Fla.3d DCA 1964), and compare Philpott v. Essex County Welfare Board, 409 U.S. 413, 93 S.Ct. 590, 43 L.Ed.2d 608 (1973).
There is a jurisdictional deficiency appearing on this record that we feel should be discussed. It appears that Chapman was not personally served in the dissolution proceeding. Jurisdiction procured through service by publication will not support an order for contempt for failure to pay support contained in the final judgment. See Hunter v. Hunter, 359 So.2d 500 (Fla. 4th DCA 1978); Palmer v. Palmer, 353 So.2d 1271 (Fla.1st DCA 1978); and Carnes v. Carnes, 256 So.2d 550 (Fla.4th DCA 1972). It is suggested that Chapman later appeared and submitted himself to the jurisdiction of the court. See Keena v. Keena, 245 So.2d 665 (Fla.1st DCA 1971). The record does not support a conclusive finding by this court regarding the time Chapman was served with the judgment and given an opportunity to respond to the child support obligations. This determination must be made by the trial court. It is sufficient here to state that Chapman was notified to appear before the court for his violation of a court order dated May 11, 1979, and filed *1050 May 17, 1979. There is no showing in the record that Chapman was before the court at any time prior to that date or that the order was more than an ex parte provision that future payments be made into the Central Depository. If Chapman was served with the order, there is no certificate of service so indicating.
A hearing that was held upon a motion for contempt filed by an Assistant State Attorney resulted in Chapman's being held in contempt for failure to abide by the final judgment and being ordered, as a condition of his release, to pay a sum which his former wife testified was due under the final judgment. These proceedings are so irregular that they cannot be allowed to stand. We would not in any way indicate that Chapman is not to be susceptible to punishment for his failure, as a father, to help to support his children. The propagation of children for others to support is an evil that is all too prevalent in our social system and one that threatens its stability. Nevertheless, a defaulting father must be accorded due process of law if he is to be imprisoned.
One other deficiency must be remedied if contempt of court is to be employed for the enforcement of Chapman's obligation. It does not appear on this record that Chapman has the ability to pay the sums he has been ordered to pay. Imprisonment for failure to obey a court order to pay support money may be imposed only when the record contains proof of the accused's ability to make the payments. See Faircloth v. Faircloth, supra.
Our holdings make it unnecessary to proceed further with the arguments presented by the parties; accordingly, the order of commitment is reversed.
Reversed.
NOTES
[1] The trial court has granted the respondent's motion for release pending this appeal.
[2] See Art. I, § 11, Fla. Const. (1968).