400 So.2d 790 (1981)
Albert ANDREWS, Jr., Appellant,
v.
Ada Mae WALTON and the Florida Department of Health and Rehabilitative Services, Appellees.
No. 80-2188.
District Court of Appeal of Florida, Second District.
June 10, 1981.
Rehearing Denied July 15, 1981.
Stuart E. Soff and Dwight Wells of Florida Rural Legal Services, Inc., Winter Haven, for appellant.
Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for appellees.
RYDER, Judge.
Albert Andrews appeals the order finding him in contempt of court for failure to pay child support alleging that the contempt power may not be used to coerce payments assigned to the State under section 409.2561(3), Florida Statutes (1979). We affirm.
*791 The court entered a final judgment of paternity against appellant in 1978 directing him to pay child support of $18.00 weekly. The State later petitioned the court alleging that appellee Walton was receiving Aid to Families with Dependent Children, and the court entered an order that future payments be made through the clerk of the court. After a number of arrearage hearings, the court entered a show cause order alleging an arrearage of over $500.00. The notice gave a hearing date, told of the nature of the hearing, and advised appellant of possible admissible evidence and possible penalties, including incarceration.
At the hearing, the State established that appellee was receiving Aid to Families with Dependent Children and that support payments were overdue. Appellant, who did not retain counsel, testified that he was married, had three children and his wife was not working. The court sentenced appellant to thirty days in jail, postponing the sentence so appellant could use an upcoming paycheck to purge the contempt if he wished.
The only argument we address is the legality of incarcerating appellant to secure payment of an obligation which has been assigned to the State. Imprisonment for debt is prohibited by the Florida Constitution. Art. I, § 11, Fla. Const. Imprisonment for failure to obey a court order of child support payment is not imprisonment for debt. Ex parte J.C.H., 17 Fla. 362 (1879). See Spencer v. Spencer, 311 So.2d 822 (Fla. 3d DCA 1975). Appellant suggests that the assignment of support benefits to the State negates the "support" nature of the obligation so as to make it an ordinary debt unenforceable by contempt.
We note that the third district has addressed the issue herein raised, holding the assignment to the State negates the public necessity for enforcement by imprisonment. Chapman v. Lamm, 388 So.2d 1048 (Fla. 3d DCA 1980). Indeed, as is suggested therein, debts not involving support may not be enforced by contempt powers, even if given effect in a final judgment of dissolution. State ex rel. Cahn v. Mason, 148 Fla. 264, 4 So.2d 255 (1941); Corbin v. Etheridge, 296 So.2d 59 (Fla. 1st DCA 1974); State ex rel. Gillham v. Phillips, 193 So.2d 26 (Fla. 2d DCA 1966). We do not think, however, that the present obligation is not grounded in support, as were the obligations in Mason, supra; Corbin, supra; and Phillips, supra. Nor do we think that the assignment required by section 409.2561(3), Florida Statutes (1979), changes the nature of the obligation. The action below is no different from any other support action. The custodial parent brought the action, and there is no dispute that the payments were not made. Section 409.2561(3), Florida Statutes (1979), appoints the Department of Health and Rehabilitative Services as attorney in fact of the recipient of state benefits to pursue enforcement of child support. That the State has an interest therein and actively prosecutes the action does nothing to change the support nature of the obligation owed by appellant to appellee.
The judgment below is affirmed.
SCHEB, C.J., and GRIMES, J., concur.