ZEHMER, Judge.
Joanne L. Cook appeals a non-final order denying her motion to dismiss dissolution of marriage proceedings on grounds of lack of jurisdiction and inconvenient forum. We affirm in part and reverse in part.
Appellant and the parties’ children have resided in Texas, continuously, since 1979. Appellee/husband established his residency in Florida and filed a petition for dissolution of marriage in the lower court. Service of process on appellant was by publication pursuant to § 49.011(4), Florida Statutes (1985). In his petition, appellee requested that the Florida court exercise jurisdiction and dissolve the marriage; grant appellant custody of the children; grant appellee reasonable visitation rights; and grant appellant child support. Appellant responded to the petition by filing (1) a notice of appearance for the limited purpose of determining venue and jurisdiction and (2) a motion to dismiss the petition for lack of jurisdiction under § 61.1308, Florida Statutes (1985), or, in the alternative, because Florida is an inconvenient forum under § 61.1316, Florida Statutes (1985). The appealed order denies appellant’s motion to dismiss.
We conclude that the lower court was correct in denying the motion to dismiss as it pertained to the action for dissolution of marriage, but erred in purporting to exercise jurisdiction over the matters of child custody and support. The law is well settled that a Florida court has jurisdiction to entertain a petition for dissolution of marriage where the petitioner meets the residency requirements and properly serves process by publication; however, the court does not thereby obtain personal jurisdiction over the out-of-state spouse with regard to issues of child custody and support. Carnes v. Carnes, 256 So.2d 550 (Fla. 4th DCA 1972); Adams v. Adams, 218 So.2d 777 (Fla. 1st DCA 1969). The lower court did not err in denying the motion to dismiss the action as a whole, but did err in denying the motion as to child custody and support.
We further find that the lower court did not abuse its discretion in refusing to decline the exercise of its jurisdiction under § 61.1316, Florida Statutes (1985), the inconvenient forum section of the Uniform Child Custody Jurisdiction Act.
AFFIRMED IN PART AND REVERSED IN PART.
WENTWORTH and BARFIELD, JJ., concur.