**Gladys M. SHEPHERD, Appellee,**

v.

**Paul C. SHEPHERD, Appellant.**

**No. 90–382.**

Supreme Court of Iowa.

March 20, 1991.

238

Richard R. Gleason, Dubuque, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., J. Livingston Dunkle, Asst. Atty. Gen., and Christian Smith, Co. Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and SNELL, JJ.

LARSON, Justice.

In the 1970 dissolution proceeding between Gladys Shepherd and Paul Shepherd, Paul was ordered to pay $45 per week child support. Gladys received Aid to Families with Dependent Children (AFDC) through the state of Iowa and in exchange gave an assignment of her rights to child support. Paul had paid virtually nothing on the child support obligation when he began to collect social security benefits.

In 1989, the state's Child Support Recovery Unit (CSRU) issued an "order for mandatory income withholding" under Iowa Code section 252D.3 (1989) to the Social Security Administration requesting it to deduct $75 per month from Paul's social security benefits to be applied to his arrearage of $14,061. Paul filed a motion to quash the withholding order under Iowa Code section 252D.2(1). The district court denied the motion to quash, and we affirm.

■ A. Paul contends first that mandatory withholding of social security benefits violates a federal statute, 42 U.S.C. § 407, which provides:

## (a) Inalienability of right to future payments

The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

## (b) Inamendability of section by inference

No other provision of law, enacted before, on, or after the date of the enactment of this section, may be construed to limit, supersede, or otherwise modify the provisions of this section *except to the extent that it does so by express reference to this section.*

(Emphasis added.)

The State responds that an exception to .section 407 is provided for child support obligations under this language of 42 U.S.C. section 659:

Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations *to provide child support* or make alimony payments.

(Emphasis added.)

Paul rejoins that this obligation is not for child support but is merely a debt owed to the state. None of the Shepherd children, he points out, will get any of the money recovered from Paul. Therein lies the key to Paul's argument under both the federal and state statutes relating to exemption of social security benefits: Does the state's claim for reimbursement of AFDC payments retain its nature as a claim for child support, or is it merely a claim for money due the state?

Iowa Code section 252C.2(1) provides that the state will succeed to the rights of the child support obligee, stating that,

[b]y accepting public assistance for or on behalf of a dependent child or a dependent child's caretaker, the recipient is deemed to have made an assignment to the department of any and all right, title, and interest in any support obligation and arrearages owed to or for the child or caretaker up to the amount of public assistance paid for or on behalf of the child or caretaker.

*See Broyles v. Iowa Dep't of Social Servs.,* 305 N.W.2d 718, 723 (Iowa 1981) (assignment of judgment transfers to assignee all rights and remedies of assignor). Our statute then provides this with respect to the *nature* of the debt once the assignment is made:

The payment of public assistance to or for the benefit of a dependent child or a dependent child's caretaker creates a *support debt* due and owing to the department [of human services] by the responsible person in an amount equal to the public assistance payment. . . .

Iowa Code § 252C.2(2).

In *Lamm v. Chapman,* 413 So.2d 749 (Fla.1982), the question was whether an assignment of child support to the state changed the nature of the obligation for contempt purposes. Under the Florida Constitution, imprisonment for debt is prohibited, but imprisonment for failure to pay court-ordered child support is not. The Florida Supreme Court concluded that the child support debt retained its nature as child support even though it had been assigned to the state. Similarly, in *Andrews v. Walton,* 400 So.2d 790 (Fla.App.1981), the issue was whether the contempt power could be used to collect child support payments under an assignment to the state. The court held that it could. *Id.* at 791.

In *Williams v. Department of Social and Health Services*, 529 F.2d 1264 (9th Cir.1976), the question was whether a bankrupt's obligation for child support, assigned to the state, was dischargeable in bankruptcy. *See* 11 U.S.C. § 35(a)(7) (child support not dischargeable). *Williams* held that the nature of the underlying debt, rather than its form, controlled and that the funds provided by the state were in lieu of the bankrupt's obligation to support his children, 529 F.2d at 1270–71. The fact that any funds recovered would go to the state rather than to the children did not alter their character as child support. *Id.* at 1270. The court concluded that the debt was for child support and was not discharged, even though it had been assigned to the state.

We note that, under Iowa Code section 239.12 (1989), funds recovered by the state under these assignments do not go to the general fund but to a special "aid to dependent children account."

We conclude that the nature of the debt remains one for child support, and its forced collection is not prohibited by 42 U.S.C. sections 607 and 659 as argued by Paul.

■ B. Paul also relies on an Iowa exemption statute, Iowa Code § 627.6, which provides in pertinent part:

A debtor who is a resident of this state may hold exempt from execution the following property:

. . . .

8. The debtor's rights in:

*a.* A social security benefit, unemployment compensation, or a local public assistance benefit.

An exception to this exemption, however, is found in section 627.12, which provides that a "decree for the support of a child" is not subject to the exemption of section 627.6.[1]

Paul's argument with respect to the application of section 627.12 is the same as it was with the federal statute. He claims

that this is not a child support obligation but an obligation owing to the state and therefore not "support of a child" under section 627.12. We reject that argument for all the reasons stated in the preceding discussion of the federal statute.

We agree with the district court that Paul's social security benefits were not exempt from mandatory withholding.

AFFIRMED.

---

1. Section 627.12 provides exceptions to the exemption rule for "personal earnings" of the debtor. Paul does not contend that social secur- ity benefits are not "personal earnings" for purposes of this section, and we do not address this issue.