**Leo KNICKERBOCKER, Individually and on behalf of all others similarly situated, Appellant,**

v.

**Nancy NORMAN, Individually and in her capacity as Commissioner of the Department of Human Services; Chris Ill, Individually and in her capacity as Bureau Chief of the Iowa Child Support Recovery Units, Appellees.**

No. 90–2908SI.

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1991.

Decided July 11, 1991.

Richard R. Gleason, Dubuque, Iowa, argued; Christine M. Luzzie, Iowa City, Iowa, on brief.

Julie F. Pottorff, argued; Gordon E. Allen, on brief, Des Moines, Iowa, for appellee.

Before ARNOLD and LOKEN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

This case presents the question whether a right to collect child support payments that has been assigned to a state agency continues to be "child support" under federal law in order that such a right may be enforced against federal disability benefits. Appellant Knickerbocker appeals the district court's[1] affirmative answer to this question. We affirm the district court.

1. The Honorable Donald E. O'Brien, Chief Judge of the United States District Court for the Southern District of Iowa.

2. The facts we outline are taken from the district court's findings of facts and the stipulation of the parties.

## I. BACKGROUND [2]

Knickerbocker was obligated to pay monthly child support of $150.00 pursuant to a divorce decree entered in 1983. Knickerbocker's support obligations ended sometime in 1984 or 1985 when he became eligible for Social Security Disability Insurance Benefits, and at the same time his dependent children became eligible for dependents' benefits of $25.00 per month. The record reflects that Knickerbocker's child support payments are in arrears and that he has paid only approximately $900.00, and this was an offset to a federal tax refund. Unemployed, Knickerbocker's income amounts to less than $450.00 per month in public assistance.

In July 1983, Knickerbocker's ex-wife assigned her rights to collect the child support from Knickerbocker to the State of Iowa so that she could meet the requirements necessary to receive monies from Aid to Families with Dependent Children (AFDC). The party responsible for collecting assigned child support for Iowa is the Child Support Recovery Unit (CSRU), and any amounts collected are paid to a state account for dependent children. Despite several notices to Knickerbocker (before and after he qualified for disability insurance benefits) that his child support was in arrears, the CSRU collected nothing from Knickerbocker until it began garnishing his disability benefits in 1987.[3] Since early 1987, under an order for mandatory income withholding, the Social Security Administration has been keeping $25.00 from Knickerbocker's benefits each month for the Iowa CSRU. *See* Iowa Code Ann. §§ 252D.1–.6 (West 1985). This withholding has been suspended by agreement of the parties pending the resolution of this case.

In 1988, Knickerbocker came to federal district court and sued the Iowa officials responsible for the withholding. His com-

3. In order to continue receiving federal funds for its AFDC program, Iowa had to comply with 42 U.S.C. § 666(b) which requires that a state establish procedures for "[w]ithholding from income of amounts payable as [child] support." *Id.*

plaint sought class certification and relief for alleged constitutional and statutory violations. In a thorough memorandum, the district court took each of Knickerbocker's allegations and, in turn, dismissed each. The only issue appealed by Knickerbocker is that which we initially posited above and which we answer below.

## II. DISCUSSION

The United States cannot be sued without its consent, therefore federal monies paid as wages or other obligations are beyond the reach of various forms of process. So it is true for Knickerbocker's disability insurance benefits. 42 U.S.C. § 407(a) (1988). However, an express exception to section 407 is made for the payment of child support. 42 U.S.C. § 659(a) (1988).

> Notwithstanding any other provision of law (including section 407 of this title) ... moneys ... due from, or payable by, the United States ... to any individual ... shall be subject to ... legal process brought for the enforcement, against such individual of his legal obligations to provide child support....

*Id.* Child support is later defined:

> [t]he term "child support", when used in reference to the legal obligations of an individual to provide such support, means periodic payments of funds for the support and maintenance of a child or children with respect to which such individual has such an obligation....

42 U.S.C. § 662(b) (1988).

Despite the clear exception for child support provided as above, Knickerbocker claims that Iowa's withholding from his disability insurance benefits violates section 407. The sum of Knickerbocker's position is that he does not owe the State of Iowa child support as defined; rather, he now owes only a general debt which at one time was, but no longer is, child support. Further, the withholding which Iowa makes goes into a general account and not specifically to Knickerbocker's children, thus he is not repaying Iowa for direct support of his children.

The Supreme Court of Iowa recently rejected this identical argument in *Shepherd v. Shepherd,* 467 N.W.2d 237 (Iowa 1991). The Iowa Court put the query this way: "[d]oes the state's claim for reimbursements of AFDC payments retain its nature as a claim for child support, or is it merely a claim for money due the state?" *Id.* at 239. The Court relied on Iowa Code § 252C.2(2), *id.,* and concluded that under federal or state law "the nature of the debt remains one for child support." *Id.* at 240.

While we agree with the Supreme Court of Iowa, we reach our result regardless of *Shepherd* because it is our particular duty to determine the meaning of federal laws. We believe a uniform reading of 42 U.S.C. §§ 659(a) and 662(b) (1988) should obtain, without resort to potentially variant views on the character of child support debts under state laws. *But see Salazar v. United States Air Force,* 849 F.2d 1542, 1547 (5th Cir.1988) ("By the plain language of § 662(b) itself, Congress must have intended that the state court[s] have [the] power [to say what 'child support' means].").

We agree with Knickerbocker that he does not actually owe Iowa child support, inasmuch as the State of Iowa is not a child for whose support Knickerbocker is responsible; however, we believe that he does owe Iowa *for* the support of his children. The plainest reading of sections 659(a) and 662(b) disproves Knickerbocker's position that an assignment of child support transforms the support obligation into a general debt beyond the reach of process. Section 659(a) allows for federal monies to be subject to "legal process brought for the enforcement ... of ... legal obligations to provide child support...." 42 U.S.C. § 659(a) (1988).

Whatever contrary characterization one might try to make of the debt Knickerbocker owes to Iowa, the withholding in this case was simply legal process effected to enforce Knickerbocker's legal obligation to provide child support. Knickerbocker's obligation to provide child support now belongs to Iowa by virtue of an assignment of the right to collect the support, and it remains an obligation for child support. The assignment did not change the charac-

ter or nature of the debt, only its obligee. Iowa may collect that obligation as child support against Knickerbocker's federal benefits pursuant to section 659(a).[4]

## III. CONCLUSION

Our holding rests firmly on our plain reading of the applicable law, yet we note that we cannot conceive that Congress' express effort to subject federal entitlements to process for child support debts in section 659 could ever admit of the labored reading Knickerbocker suggests. After all, Congress has also passed into law 42 U.S.C. § 666, requiring states that receive federal AFDC funds to implement measures to satisfy child support arrearages by income withholdings, thereby further evidencing the importance of satisfaction of child support debts to the national legislative agenda. We have concluded that Knickerbocker's position fails the letter of the law; we carefully add that it fails the spirit as well.

---

4. This case does not present the questions what size sums may be appropriately withheld and whether some sums may be too large a share of a disability claimant's benefits. We leave those concerns for an appropriate case.