Argued and submitted June 23, reversed and remanded September 6, 1995

Gene M. HOBSON,
*Respondent,*

*v.*

Perry Wayne HOBSON,
*Appellant.*

(92-142; CA A85500)

901 P2d 914

Alan J. Schmeits argued the cause for appellant. With him on the briefs was Silven, Schmeits & Vaughan.

Martin J. Leuenberger argued the cause for respondent. With him on the brief was Coughlin, Leuenberger & Moon.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Defendant husband appeals an order denying his claim of exemption from garnishment to satisfy a spousal support judgment. We reverse and remand.

In May 1989, husband and wife obtained a judgment of legal separation in California, which required husband to pay $850 per month to wife as permanent spousal support. Husband subsequently retired, moved to Baker City, and began to collect approximately $800 per month in Social Security benefits. Those benefits are his sole income.

Husband failed to meet his support obligations. In March 1992, wife registered the California judgment in Baker County Circuit Court. ORS 24.115. Shortly thereafter, wife moved for an order "requiring [husband] to appear and show cause why an order to withhold earnings should not be entered which will direct the Social Security Administration to honor a writ of garnishment" to satisfy an alleged arrearage of $23,500 in husband's spousal support payments. In December 1992, the court issued an order determining husband to be delinquent and directing the Social Security Administration to pay to wife

> "all amounts from Respondent's Social Security stipend in excess of $640.00 per month pursuant to any writ of garnishment that may be issued by Petitioner for payment of any delinquent spousal support payments owing from Respondent."

The court later reduced husband's current spousal support obligation to $215 per month, effective February 1, 1993.

Although the record is not entirely clear, it appears that wife garnished $158 from husband's Social Security benefit each month beginning in March 1993. It further appears that husband paid wife an additional $57.

In December 1993, wife moved for an order holding husband in contempt of court for failing to make his *current* spousal support payments.[1] In the course of resolving that

---

[1] Wife asserted that the $158 per month obtained by the garnishment of husband's Social Security benefit was to be applied to the support arrearage, and did not satisfy husband's current support obligation. Thus, she contended, husband had been paying only $57 per month on his current support obligation. Although the trial court agreed with that proposition, it did not find husband to be in contempt.

matter, a related dispute arose over wife's ability to garnish additional amounts from husband's Social Security benefit. Husband ultimately filed the claim of exemption that is the subject of this appeal, claiming $170 per week as his "minimum exemption" and 75 percent of the $805 monthly benefit, or $602, as his "maximum exemption." The court denied that claim:

> "This matter came before the Court based on Respondent's Claim of Exemption. The Court finds that Social Security benefits are not exempt from garnishment under federal law (5 CFR Section 581.103) and that under Oregon law, retirement plans which are otherwise exempt from execution are not exempt when the debt arises out of a support obligation (ORS 23.170(3)). NOW, THEREFORE,
>
> It is hereby ORDERED that Respondent's claim of exemption is denied."

Husband appeals that order, ORS 19.010(2)(c),[2] arguing that his Social Security income is entirely exempt from garnishment for either of two reasons. First, he argues that his Social Security benefits are "funds exempt from execution and other process under * * * section 407, title 42, United States Code," which are entirely exempt from execution under Oregon law. ORS 23.166. In the alternative, husband argues that his Social Security income represents his interest in a "retirement plan" and, as such, is exempt from garnishment under ORS 23.170(2).

ORS 23.166 provides:

> "All funds exempt from execution and other process under * * * section 407, title 42, United States Codes, shall remain exempt when deposited in an account of a judgment debtor as long as the exempt funds are identifiable."

42 USC § 407 provides, in part:

---

[2] ORS 19.010(2)(c) provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

"(a) [N]one of the moneys paid or payable or rights existing under this chapter [*i.e.*, the Social Security Act] shall be subject to execution, levy, attachment, garnishment, or other legal process."

■ On its face, 42 USC § 407 would appear to immunize Social Security benefits from legal process. However, under 42 USC § 659(a),[3] immunity does not apply when an obligation to pay child support or alimony is involved. Here, a support obligation *is* involved, and neither 42 USC § 407 itself, nor ORS 23.166, can serve to immunize husband's Social Security benefits.

■ Husband argues, in the alternative, that his Social Security income is completely exempt under ORS 23.170(2), which provides:

"Subject to the limitations set forth in subsection (3) of this section, a retirement plan shall be conclusively presumed to be a valid spendthrift trust under these statutes and the common law of this state, whether or not the retirement plan is self-settled, and a beneficiary's interest in a retirement plan shall be exempt, effective without necessity of claim thereof, from execution and all other process, mesne or final."

Husband contends that ORS 23.170(2) applies to his Social Security benefits because the Social Security system qualifies as a "retirement plan," as defined at ORS 23.170(1)(d):

" 'Retirement plan' means:

"(A) A pension plan and trust, including a profit sharing plan, that is described in sections 401(a), 401(c), 403 and 457 of the Internal Revenue Code, including that portion attributable to contributions made by or attributable to a beneficiary.

---

[3] 42 USC § 659 (a) provides:

"Notwithstanding any other provision of law (including section 407 of this title) * * *, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia * * * to any individual * * * shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

Under 42 USC § 662, entitlement to money "shall be deemed to be 'based upon remuneration for employment,' if such money consists of," among other things, Social Security retirement benefits.

"(B)   An individual retirement account or annuity, including one that is pursuant to a simplified employee pension, as described in section 408 of the Internal Revenue Code; and

"(C)   Any pension not described in subparagraphs (A) and (B) of this paragraph granted to any person in recognition or by reason of a period of employment by or service for the Government of the United States or any state or political subdivision of any state, or any municipality, person, partnership, association or corporation."

We agree with husband that his Social Security benefits represent his interest in a "retirement plan," as defined in subsection (C). Those benefits constitute a pension of a type not described in subparagraphs (A) and (B). Furthermore, because only individuals who have been members of the wage-earning workforce are eligible to receive Social Security retirement benefits, 42 USC § 402(a),[4] those benefits are granted "by reason of a period of employment by * * * any * * * person, partnership, association or corporation."

■    Although husband's Social Security benefits qualify as an interest in a retirement plan, the exemption from garnishment described in ORS 23.170(2) does not apply in this context because the garnishment at issue here falls within an exception to that statutory exemption:

"A beneficiary's interest in a retirement plan shall not be exempt from execution or other process *arising out of a support obligation* * * *." ORS 23.170(3)(b) (emphasis supplied).

Thus, husband's Social Security income is not entitled to total exemption from garnishment under ORS 23.170(2).

■    Husband next argues that, even if his Social Security payments are not *entirely* exempt from garnishment under the aforementioned statutes, those payments are *partially* shielded from garnishment under ORS 23.185. That statute provides, in relevant part:

---

[4] 42 USC § 402(a) provides that every individual who is a "fully insured individual" is entitled to old-age insurance benefits. A "fully insured individual" is one who has a certain number of "quarters of coverage." 42 USC § 414(a). The term "quarter of coverage" means a quarter-year in which an individual has been paid more than a specified amount in wages. 42 USC § 413(a).

"(1)  [T]he maximum part of the aggregate disposable *earnings* of an individual for any workweek that is subjected to garnishment may not exceed:

"(a)   25 percent of the individual's disposable earnings for that week;

"* * * * *

"(d)   For wages payable on or after July 1, 1993, the amount by which the individual's disposable earnings for that week exceed $170; or

"(e)   The amount described in paragraph (a), (b), (c), (d) of this subsection, minus any amount required to be withheld from the individual's disposable earnings for that week pursuant to an order issued under ORS 25.311, 25.450, 419B.408 or 419C.600, whichever amount is less." (Emphasis supplied.)

Husband contends that ORS 23.185 exempts $170 of his weekly Social Security check from garnishment because his Social Security benefits qualify as "earnings."

"Earnings" is defined at ORS 23.175(2):

" 'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise, and includes *periodic payments pursuant to a pension or retirement program.*" (Emphasis supplied.)

In husband's view, his Social Security benefits are "payments pursuant to a * * * retirement program" and are, consequently, "earnings."

Husband's Social Security benefits are indisputably periodic payments. The question, then, is whether those payments are made pursuant to a "retirement program." Chapter 23 does not include a definition of the term "retirement *program*," but does define the term "retirement *plan*." *See* ORS 23.170(1)(d). Given the similarity between the two terms, and the fact that nothing in the statute's context or legislative history suggests a legislative intent to differentiate one from the other, we think it is proper to equate the two terms.

We have previously stated, in the context of husband's bid for total exemption, that Social Security retirement benefits represent an interest in a "retirement plan," as

defined at ORS 23.170(1)(d)(C), because those benefits are granted "by reason of a period of employment." It follows that those benefits also qualify as "payments pursuant to a * * * retirement program." Thus, they are "earnings" and, under ORS 23.185, are partially exempt from garnishment.

To hold otherwise would create a distinction between persons who depend on fixed incomes from private retirement programs and those who depend on fixed incomes from Social Security, providing protection to the former while denying protection to the latter. Particularly in view of the legislature's apparent purpose in enacting ORS 23.185, of ensuring that wage earners and retirees retain a sufficient percentage of their "earnings" to meet their basic needs,[5] reading such a distinction into the exemption statute would be artificial and unwarranted.

We conclude that, although husband's Social Security retirement benefits are not *entirely* exempt from garnishment under ORS 23.170(2), ORS 23.166, or 42 USC § 407, they are *partially* exempt, as "earnings," under ORS 23.185. Under that provision, a judgment creditor may garnish, for any week that a debtor's earnings are subject to garnishment, up to 25 percent of aggregate disposable earnings for the week, or the amount by which those weekly earnings exceed $170, whichever amount is less. In this case, where husband collects $805 in Social Security retirement benefits each month, and has no other disposable earnings, the lesser amount and, consequently, the amount subject to garnishment, is the excess over $170 each week. The remainder of husband's benefit, *i.e.*, $170 per week, is exempt from garnishment. The trial court erred in denying husband's claim that his Social Security was exempt to that extent.[6]

---

[5] The provision's scant legislative history indicates that the earnings exemption was enacted to conform to the federal wage garnishment limitations included in the Truth in Lending Act, 15 USC §§ 1672, 1673, Minutes, Senate Judiciary Committee, HB 1161, May 2 and 7, 1969, and, presumably, had the same purpose. Courts have concluded that the purpose of the federal statute was to

"make sure that wage earners were able to receive at least 75% of their take home pay in any one pay period so that they would have enough cash to meet basic needs." *In Re Kokoszka*, 479 F2d 990, 996-97 (2d Cir 1973), *aff'd* 417 US 642, 94 S Ct 2431, 41 L Ed 2d 274 (1974).

[6] Wife asserts that she "should be entitled to her reasonable attorney fees pursuant to ORS 107.445 for her efforts in compelling husband to comply with the

Reversed and remanded.

original Judgment of Dissolution of Marriage and the instant Order of the trial court." However, wife did not cross-appeal the court's denial of fees. Therefore, we do not consider her alleged entitlement to such fees.