JOURNAL ENTRY AND OPINION
Defendant-appellant Daniel A. Comer contests the Juvenile Division court order finding him in contempt for an arrearage resulting from his failure to pay child support pursuant to an outstanding obligation. We find no error in the proceedings below. Accordingly, we affirm the judgment.
The record shows that Comer was determined to be the father of Kaila Nicol Miller, born October 21, 1995. On July 22, 1996, the Cuyahoga Child Support Enforcement Agency (hereafter "CSEA") issued an administrative order directing Comer to pay child support in the amount of $50.00 per month, plus poundage, effective August 23, 1996.
On June 10, 1997, CSEA commenced the instant proceeding to hold Comer in contempt for failure to pay child support. At the contempt hearing held on October 14, 1998, Comer's arrearage in child support payments was determined to be $1,185.00. Finding Comer in contempt, the court imposed a twenty-day jail sentence that was suspended on the condition that Comer provide CSEA with the address and account number of the bank from which monthly payments in the amount of $61.20 would be withdrawn commencing October 14, 1998. The court's order noted that Comer was receiving social security benefits. Comer's mother, who attended the hearing with Comer, objected in the belief that the supplemental security income (SSI) benefits received by Comer are not subject to any withholding order.
Comer appealed and his first assignment of error asserts:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN MAKING INQUIRY OF THE APPELLANT (PER THE FORM JUDGMENT ENTRY MARKED WITH A "X") OF THE APPELLANT'S RIGHT TO AN ATTORNEY AND THEN FAILING TO IDENTIFY WHETHER OR NOT THE APPELLANT EXERCISED HIS RIGHTS PROPERLY.
The record belies the contention that the court erred in proceeding without a valid waiver by Comer of his right to counsel. The record instead reflects that Comer was advised on more than one occasion that he had the right to counsel but that Comer apparently chose to proceed without counsel. Accordingly, Comer's first assignment of error is not well taken.
In particular, the August 6, 1997 journal entry reflects that Comer appeared before the court on August 5, 1997, at which time
 [t]he Court proceeded to read the Complaint in open Court and explained the Defendant's rights, including his right to counsel, retained or appointed. The Defendant desires to secure counsel.
The matter was accordingly continued to allow defendant to secure counsel. Comer failed to appear at a hearing scheduled for December 2, 1997. Comer attended the hearing on April 29, 1998 and, as reported by a journal entry filed July 30, 1998:
 The Court proceeded to read the Complaint Contempt in open Court and explained the Defendant's rights, including his right to counsel, retained or appointed. The defendant waived right to counsel.
The matter was continued to await the results of the Social Security Disability hearing and to schedule a hearing on the contempt complaint.
The contempt complaint came on for hearing on October 14, 1998. The court's journal entry reflects:
 The Court orally informed the defendant of the allegations in the motion for contempt, notified the alleged contemnor of: the right to have attorney representation; that if indigent, the State would appoint an attorney; and that the alleged contemnor could choose not to have an attorney and represent self, of the right to a trial, the right [sic] cross-examine witnesses called to testify against him/her, to challenge the evidence, and the right to subpoena witnesses to appear in defense of the allegations, and the right to present witnesses and evidence, and the penalties for contempt of court.
The parties' App.R. 9(C) statement of the evidence confirms that no stenographic notes were made by the court at the October 14, 1998 hearing. And while the 9(C) statement confirms that Comer was not represented by counsel at that hearing, nothing in the record, including the 9(C) statement, controverts the court's journal entries which reflect that Comer was repeatedly advised of his right to counsel. Moreover, nothing in the record suggests that Comer requested the appointment of counsel and that the request was denied, so Comer's reliance on State ex rel. Cody v.Toner (1983), 8 Ohio St.3d 22, is misplaced. Accordingly, we overrule Comer's first assignment of error.
Comer's second assigned error states:
 II. THE TRIAL COURT ERRED IN ORDERING THE APPELLANT TO PAY CURRENT SUPPORT OF $50.00 PER WEEK [SIC] WHILE FULLY AWARE THAT THE APPELLANT'S SOLE SOURCE OF INCOME WAS APPELLANT'S SUPPLEMENTAL SECURITY INCOME, ASSESSMENTS FROM WHICH ARE PROHIBITED.
This contention is not well taken.
Comer first contends that because the Social Security Administration found Comer to be disabled, the trial court erred in ordering Comer to pay child support when the court was aware Comer was unable to engage in gainful activity and thus unable to comply with the support order. Comer's argument fails because the record before us does not bear out Comer's contentions. While the court was made aware at the October 14, 1998 contempt hearing that Comer was receiving supplemental security income benefits from the Social Security Administration, the record does not reflect the amount of the benefits Comer received, nor does the record provide any indication that Comer was unable to comply with his support obligations. The parties' App.R. 9(C) statement of the evidence likewise provides no record support for Comer's claim. Comer has accordingly failed to exemplify his claimed error.[1]
Comer additionally asserts that 42 U.S.C. § 407 prohibits the use of social security benefits to satisfy outstanding child support obligations. We disagree.
42 U.S.C. § 407 provides, in relevant part:
 (a) The right of any person to any future payment under this title [42 U.S.C. § 401 et seq.] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.
 (b) No other provision of law, enacted before, on, or after the date of the enactment of this section [enacted April 20, 1983], may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.
* * *
(Emphasis added.)
An express exception to section § 407 was made for the payment of child support by 42 U.S.C. § 659(a), which provides, in relevant part:
 Notwithstanding any other provision of law (including [42 U.S.C. § 407]) * * *, moneys * * * due from, or payable by, the United States * * * to any individual * * * shall be subject * * * to any * * * legal process brought, by a State agency administering a program under a State plan approved under this part or by an individual obligee, to enforce the legal obligation of the individual to provide child support * * *.
Periodic benefits or other payments payable to an individual under the insurance system established by 42 U.S.C. § 401 etseq. are considered moneys subject to process under § 659(h)(1)(A)(i)(I) See also 5 C.F.R. § 581.103(c)(1). Under § 659(i)(2), "child support," when used in reference to the legal obligations of an individual to provide such support,
 means amounts required to be paid under a judgment, decree, or order, whether temporary, final, or subject to modification, issued by a court or an administrative agency of competent jurisdiction, for the support and maintenance of a child, including * * * a child and the parent with whom the child is living, which provides for monetary support, health care, arrearages or reimbursement, and which may include other related costs and fees, interest and penalties, income withholding, attorney's fees, and other relief.
Thus, under 42 U.S.C. § 659, social security disability benefits payable to a parent are subject to legal process to enforce the parent's outstanding child support obligations notwithstanding the exemption otherwise provided by 42 U.S.C. § 407. See Knickerbocker v. Norman (C.A.8 1991), 938 F.2d 891;Whitmore v. Kenney (Pa. 1993), 626 A.2d 1180; Mariche v. Mariche
(1988), 243 Kan. 547, 758 P.2d 745. See also E.W. v. Hall (1996),260 Kan. 99, 917 P.2d 854; Hobson v. Hobson (1995), 136 Or. App. 516,901 P.2d 914. Corner has not provided us with any contrary authority.
Accordingly, we conclude that by operation of 42 U.S.C. § 659,42 U.S.C. § 407 did not bar Comer's social security benefit payments from being applied to reduce his child support arrearage. Comer's second assignment of error is therefore overruled.
Comer's third assigned error asserts:
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN ORDERING PAYMENT OF CHILD SUPPORT FROM MONEY WHICH IS NOT TO BE COUNTED AS GROSS INCOME, IN CONTRAVENTION OF 3113.215.
This assignment of error is not well taken.
Comer argues that the support order is contrary to Ohio law because when determining the "gross income" upon which the child support obligation is calculated under R.C. 3113.215(D), Comer's supplemental security income benefits may not be included in his "gross income" by R.C. 3113.215(A)(2), which states, in part:
"Gross income" does not include any of the following:
 (a) Benefits received from means-tested public assistance programs, including, but not limited to, * * * supplemental security income * * *.
Comer's argument fails for several reasons. First, we think the argument comes too late. Comer's child support obligation was set in 1996 at the minimum amount of $50.00 per month. Comer did not contest the amount of his child support obligation. He may not do so now after having been found in contempt for having failed to comply with the outstanding support order.
Moreover, Comer made no showing in any event that the amount of the child support obligation set in 1996 was contrary to law. Even if we assume that Comer's SSI benefits may not be considered within his "gross income," Comer has not shown in this record that the amount of child support established by the court in 1996 was based on such benefits. Accordingly, Comer has not exemplified any error.
Finally, the authorities on which Comer relies are distinguishable because they involved the issue of whether SSI benefits payable to a child may be credited to reduce a parent's child support obligation. See Powell v. Powell (1996), 111 Ohio App.3d 418; Oatley v. Oatley (1977), 57 Ohio App.2d 226. That question is plainly different from the one the instant case presents.
We therefore overrule Comer's third assignment of error. His last assigned error states:
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO ATTACH THE CHILD SUPPORT WORKSHEET GUIDELINES PURSUANT TO THE STANDARD LAID OUT IN MARKER V. GRIMM (1992), 65 OHIO ST.3D 139, 601 N.E.2D 496.
We think Comer's argument again misses its mark because this case does not involve either the establishment of an initial child support order or a modification of such an order but rather the collection on an amount that is past due.
It is true that, whether a court is establishing an initial child support order or modifying an existing order based on agreement under which the custodial parent assumed sole responsibility for the support of the child, the trial court must apply the Child Support Guidelines under R.C. 3113.215 in accordance with the standards set out in Marker v. Grimm (1992),65 Ohio St.3d 139. See DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, syllabus at para. 1. In Marker v. Grimm, the court held that "[t]he terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects."Id., syllabus at para. 2.[2] When calculating the amount of an obligor's child support obligation under R.C. 3113.215, the trial court must complete a child support computation worksheet and make it a part of the trial court's record. Id., syllabus at para. 1.
But the proceedings challenged in this appeal did not involve the establishment of a child support order, which occurred in 1996, or the modification of such an order. This proceeding instead was to determine whether Comer should be found in contempt for having failed to comply with the preexisting child support obligation. Consequently, the court was not required at this point to complete a child support worksheet pursuant toMarker v. Grimm. Accordingly, Comer's fourth assignment of error is not well taken.
The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Juvenile Court Division of the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., and KENNETH A. ROCCO, J., CONCUR.
 _______________________ DIANE KARPINSKI PRESIDING JUDGE
[1] This case is distinguishable from Courtney v. Courtney
(1984), 16 Ohio App.3d 329, where the record did show that the contemnor was unable to pay the amount due.
[2] Under R.C. 3113.215(B)(1), the court must (1) calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule, the applicable worksheet, and the other provisions of R.C. 3113.215; (2) specify the support obligation as a monthly amount due; and (3) order the support obligation to be paid in periodic increments as it determines to be in the best interest of the child.